IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § | |
| v. § | Case No. 1:21-mj-00347-RMM |
| § § | |
| **BRADY KNOWLTON,** § § | |
| *Defendant* § | |

**MOTION TO REQUIRE THAT EVIDENCE OF INNOCENCE BE PRODUCED AND PRESENTED TO THE GRAND JURY OR, IN THE ALTERNATIVE, THAT THE GRAND JURY BE ADVISED THAT EXCULPATORY EVIDENCE IS AVAILABLE ON REQUEST**

TO THE HONORABLE G. MICHAEL HARVEY, UNITED STATES MAGISTRATE JUDGE FOR THE DISTRICT OF COLUMBIA:

COMES NOW BRADY KNOWLTON, the Defendant in the above-styled and numbered cause, by and through his undersigned counsel, and, pursuant to the Fifth Amendment of the United States Constitution's due process protections, requests that this Court: (a) advise the Grand Jury empaneled to consider the allegations in the criminal complaint against Mr. Knowlton that Mr. Knowlton has waived his right to a preliminary hearing and his right to have an information or indictment filed within the time period prescribed by 18 U.S.C. § 3161(b), and that Mr. Knowlton is requesting that the attorney for the Government produce for the Grand Jury video footage or other evidence in the Government's possession that demonstrates that Mr. Knowlton is innocent of the charges that he (1) knowingly entered or remained in any restricted building or grounds without lawful authority, in violation of 18 U.S.C. § 1752(a), (2) violated 40 U.S.C. § 1512(c)(2), and (3) obstructed official proceedings, in

1

violation of 18 U.S.C. § 1512(c)(2) at the United States Capitol on January 6, 2021, as alleged in the criminal complaint; and (b) instruct the attorney for the Government to review the available video footage and other evidence for evidence that Mr. Knowlton entered the Capitol with the acquiescence of Capitol Police.

As reflected in the complaint, there are multiple videos and images that show Mr. Knowlton near and inside the Capitol Building on January 6. Those videos and images are part of an inventory of more than 1000 other pieces of the puzzle that paint a clearer picture of what Mr. Knowlton did on that day.

The Government has selected some videos from the internet to file a criminal complaint and build a case against Mr. Knowlton. Numerous other videos show Capitol Police Officers moving metal barricades aside to allow citizens to move toward the Capitol. *See* https://www.youtube.com/watch?v=NzEPRfhXKhs. One Congressman has suggested that Capitol Police were complicit in allowing the Capitol to be entered. *See* "Were police complicit in the Capitol riots? Videos show selfies and nonchalant enforcement, but also forceful breach" by Adam Longo and Nick Boykin, WUSA9 (available at https://www.wusa9.com/article/news/local/dc/us-capitol-police-compli-cit-in-dc-riots-worries-us-congressman/65-c6b49029-f067-4dec-88ed-c583716 30501). The New York Times reported that a 104-page report issued by the inspector general for the Capitol Police found that officers were "instructed by their leaders not to use their most aggressive tactics to hold off the mob." "Capitol Police Told to Hold Back on Riot Response on Jan. 6, Report Finds" by Luke Broadwater, N.Y. TIMES, April 13, 2021 (available at https://www.nytimes.com/2021/04/13/ us/politics/capitol-

police-riot-report.html?referringSource=articleShare).

"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88, 55 S. Ct. 629, 633, 79 L. Ed. 1314 (1935). As it relates to the prosecutor's role before a grand jury Judge Henry J. Friendly said:

> As the Supreme Court has noted, "the Founders thought the grand jury so essential to basic liberties that they provided in the Fifth Amendment that federal prosecution for serious crimes can only be instituted by "a presentment or indictment of a Grand Jury.'" *United States v. Calandra*, 414 U.S. 338, 343, 94 S. Ct. 613, 617, 38 L. Ed. 2d 561 (1974). Before the grand jury the prosecutor has the *dual role* of pressing for an indictment and of being the grand jury adviser. In case of conflict, the latter duty must take precedence. *United States v. Remington*, 208 F.2d 567, 573–74 (2d Cir.1953) (L. Hand, J., dissenting), cert. denied, 347 U.S. 913, 74 S. Ct. 476, 98 L. Ed. 1069 (1954).

*United States v. Ciambrone*, 601 F.2d 616, 628 (2d Cir. 1979) (Friendly, J, dissenting) (emphasis added). To that end, the United States Department of Justice Manual provides that

> It is the policy of the Department of Justice . . . that when a prosecutor conducting a grand jury inquiry is personally aware of substantial evidence that directly negates the guilt of a subject of the investigation, the prosecutor must present or otherwise disclose such evidence to the grand jury before seeking an indictment against such a person.

Department of Justice, JUSTICE MANUAL, Section 9-11.233 – Presentation of Exculpatory Evidence (available at https://www.justice.gov/jm/jm-9-11000-grand-jury#9-11.233); *see also Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); *Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 31 L. Ed. 2d 104

(1972)).

Many States require prosecutors to present exculpatory evidence to a grand jury and authorize dismissal of an indictment if that obligation is not met. *See* "Duty of Prosecutor to Present Exculpatory Evidence to State Grand Jury," 49 A.L.R.5th 639 (1997).

Counsel for Mr. Knowlton have informed the attorney for the Government in this case that they believe there is substantial evidence of total innocence that exists in this case. Accordingly, Mr. Knowlton is waiving a preliminary hearing and the time limitations set out in 18 U.S.C. § 3161, including a specific waiver of the time in which an information or indictment charging an individual with the commission of the offense is to be filed after their arrest, to give the attorney for the Government adequate time to obtain *all* available evidence pertaining to the alleged actions of Mr. Knowlton, including exculpatory evidence, to present to the Grand Jury for their consideration. Since a District Court will be unable to remedy a failure to present exculpatory evidence to the grand jury by dismissing an indictment, *see United States v. Williams*, 504 U.S. 36, 45–55, 112 S. Ct. 1735, 118 L. Ed. 2d 352 (1992), the proper time to prevent an injustice is at this stage of the proceeding.

To give effect to this action, Mr. Knowlton is likewise requesting this Court to issue an instruction to the Grand Jury reviewing this case that Mr. Knowlton has waived his rights to a preliminary hearing and a timely indictment so that it may consider all available evidence pertaining to his alleged actions, including potentially exculpatory evidence. *See United States v. Calandra*, 414 U.S. 338, 346, 94 S. Ct. 613,

619, 38 L. Ed. 2d 561 (1974) ("The grand jury is subject to the court's supervision in several respects.").

Date: <u>April 15, 2021</u>        Respectfully Submitted,

MILNER & FINN

by: <u>/s/ David Finn</u>
DAVID FINN
Texas State Bar Number 07026900
judgefinn@davidfinn.com

2828 N. Harwood St., 1950
Dallas, Texas 75201
Telephone: (214) 651-1121
Fax: (214) 953-1366

*Admitted to Appear Pro Hac Vice*

WAGNER PLLC

by: <u>/s/ Camille Wagner</u>
CAMILLE WAGNER
DC Bar No. 1695930
law@myattorneywagner.com

1629 K Street NW, Suite 300
Washington, DC 20006
(202) 630-8812

MAYR LAW, P.C.

by: <u>/s/ T. Brent Mayr</u>
T. BRENT MAYR
Texas State Bar Number 24037052
bmayr@mayr-law.com

5300 Memorial Dr., Suite 750
Houston, TX 77007
Telephone:  713-808-9613
Fax:  713-808-9613

*Application for Admission Pending*

         ATTORNEYS FOR THE DEFENDANT,
         BRADY KNOWLTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was sent to Counsel for the Government, Elizabeth C. Kelley, on April 15, 2021, via CM/ECF.

         /s/ Camille Wagner
         Camille Wagner