IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | Case No. 21-mj-00347-RMM |
| BRADY KNOWLTON, | § § § | |
| *Defendant* | § | |

**REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REQUIRE THAT EVIDENCE OF INNOCENCE BE PRODUCED AND PRESENTED TO THE GRAND JURY OR, IN THE ALTERNATIVE, THAT THE GRAND JURY BE ADVISED THAT EXCULPATORY EVIDENCE IS AVAILABLE ON REQUEST**

TO THE HONORABLE G. MICHAEL HARVEY, UNITED STATES MAGISTRATE JUDGE FOR THE DISTRICT OF COLUMBIA:

The Government's Response in Opposition to Mr. Knowlton's motion invokes principles of law and cites judicial precedents that undoubtedly apply to most federal criminal investigations. The Government, however, overlooks a fundamental difference between the ordinary federal criminal investigation and the charge made against Mr. Knowlton in the criminal complaint.

A citizen's entry to the United States Capitol Building is, under ordinary circumstances, the citizen's *right*. On January 4 and 5, 2021, ordinary Americans who wanted to enter the building during regular office hours and were not denied entry by Capitol Police had a *right* to do so. Visiting the Capitol peacefully, with the approval of the Capitol Police could not be charged and prosecuted as a criminal offense.

1

Our Motion alleges that video recordings in the Government's possession show that some Capitol Police officers and/or other law enforcement agents moved metal barricades aside to allow citizens to move toward the Capitol and welcomed citizens to enter the Capitol Building. Such conduct by the officers and their acquiescence to entry was an implicit authorization to exercise a protected ***right*** on January 6, not merely to engage in conduct which is neither protected nor forbidden by the law.

"To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978). That language was quoted in Justice Stevens' majority opinion in *United States v. Goodwin*, and more fully explained: "For while an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right." 457 U.S. 368, 372, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982).

This point distinguishes the present criminal charge from the cases on which the Government relies such as *United States v. Jarrett*, 447 F.3d 520 (7th Cir. 2006), and *United States v. Caceres*, 400 U.S. 741 (1979), and the routine criminal investigations and prosecutions conducted by the Office of the United States Attorney. An improper charge in such instances does not infringe on "a protected statutory or constitutional right" such as peaceful entry to the Capitol Building.

Our Motion asks this Court to direct Government counsel to search the inventory of videos and other evidence and produce for Mr. Knowlton and for the grand

jury evidence of acquiescence and invitation by Capitol Police and/or other law enforcement agents to enter into the building, particularly if Mr. Knowlton can be identified as being among those who entered under such circumstances, and simply inform the grand jury that this request has been made and that they are permitted to consider that information before passing their judgment. If he did enter under such circumstances, he was exercising a right for which he may not be constitutionally punished. And such evidence is not merely exculpatory, it **proves total innocence.** To attempt to prosecute and convict him under those circumstances, would "sanction the most indefensible sort of entrapment by the State — convicting a citizen for exercising a privilege which the State clearly had told him was available to him." *Raley v. Ohio*, 360 U.S. 423, 438, 79 S. Ct. 1257, 1266, 3 L. Ed. 2d 1344 (1959).

In light of the Supreme Court's *Williams* decision, which is cited in both our Motion and in the Government's Opposition, this is the ***only*** juncture in a potential criminal proceeding at which the right recognized in both *Bordenkircher* and *Goodwin* can be implemented. Hence we call on the Court and on Government counsel to grant the relief requested in the Motion.

Date: <u>April 16, 2021</u>          Respectfully Submitted,

                                                     MAYR LAW, P.C.

                                                     by: <u>/s/ T. Brent Mayr</u>
                                                     T. BRENT MAYR
                                                     Texas State Bar Number 24037052
                                                     bmayr@mayr-law.com

                                                     5300 Memorial Dr., Suite 750
                                                     Houston, TX 77007
                                                     Telephone:  713-808-9613

Fax: 713-808-9613

*Application for Admission Pending*

MILNER & FINN

by: /s/ David Finn
DAVID FINN
Texas State Bar Number 07026900
judgefinn@davidfinn.com

2828 N. Harwood St., 1950
Dallas, Texas 75201
Telephone: (214) 651-1121
Fax: (214) 953-1366

*Admitted to Appear Pro Hac Vice*

WAGNER PLLC

by: /s/ Camille Wagner
CAMILLE WAGNER
DC Bar No. 1695930
law@myattorneywagner.com

1629 K Street NW, Suite 300
Washington, DC 20006
(202) 630-8812

ATTORNEYS FOR THE DEFENDANT,
BRADY KNOWLTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was sent to Counsel for the Government, Elizabeth C. Kelley, on April 16, 2021, via CM/ECF.

/s/ T. Brent Mayr
T. BRENT MAYR

4