IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § | Case No. 21-CR-00046-RDM |
| § § § | |
| BRADY KNOWLTON, § § | |
| *Defendant* § | |

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
COUNT TEN OF THE INDICTMENT

TO THE HONORABLE RANDOLPH D. MOSS, UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:

COMES NOW BRADY KNOWLTON, the Defendant in the above styled and numbered cause, by and through undersigned counsel, and submits the following memorandum in support of his Motion to Dismiss Count Ten of the Indictment.

**I.    Introduction and Background**

Mr. Knowlton is charged by indictment for acts allegedly committed at the United States Capitol Building on January 6, 2021. (Doc. No. 23). More specifically, he is charged in Counts Five through Nine with the following *misdemeanor* offenses:

Count Five: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1)

Count Six: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2)

Count Seven: Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D)

Count Eight: Parading, Demonstrating, or Picketing in a Capitol Building, in

1

 violation of 40 U.S.C. § 5104(e)(2)(G).

 <u>Count Nine</u>: Entering and Remaining in the Gallery of Congress, in violation of 40 U.S.C. § 5103(e)(2)(B).

Mr. Knowlton disputes the allegation in Count Ten for the *felony* offense of what the indictment labels as "Obstruction of an Official Proceeding Aiding and Abetting, in violation of Title 18, United States Code, Sections 1512(c)(2) and 2," as erroneously charged. Section 1512, in actuality, titles the offense as, "Tampering with a witness, victim, or an informant." This gives rise to the problem with Count Ten.

 Section 1512 falls under Chapter 73 of Title 18 which deals with "Obstruction of Justice." *See generally* 18 U.S.C. §§ 1501–1521. As the Ninth Circuit has carefully considered and recognized, based on the plain language of the statute, an offense under Section 1512(c) does not prohibit the obstruction of *every governmental function*; it only prohibits the obstruction of proceedings related to the *administration of justice* that take place before a tribunal. *See United States v. Ermoian*, 752 F.3d 1165, 1171 (9th Cir. 2013). Stated differently, Section 1512(c), by its plain language, does not criminalize the obstruction of legislative action by Congress. Any alleged obstruction of the certification of an electoral college vote is simply outside of the reach of Section 1512.

 Count Ten of the indictment is flawed because it fails to specify what "proceeding before Congress" Mr. Knowlton allegedly obstructed and, more importantly, whether it relates to the administration of justice. Indeed, courts have limited the reach of Section 1512 by holding that obstructive conduct is proscribed insofar as it

affects a proceeding that is judicial in nature. *See Arthur Anderson, LLP v. United States*, 544 U.S. 696, 708, 125 S. Ct. 2129, 161 L. Ed. 2d 1008 (2005); *United States v. Burge,* 711 F.3d 803, 809 (7th Cir. 2013). This proposition has never been successfully challenged in any federal court. And, in fact, the history of this legislation reinforces the unbroken line of cases that establish the violation applies only to proceedings that are judicial in nature. Even more, this legislation was inspired, in part, to address the coverup of crimes relating to Enron. The Senate Judiciary Committee Report on Section 1512(c)(2) affirms its applicability to acts undertaken to obstruct a congressional committee investigating potential federal crimes. S. Rep. No. 107-146, at 2; 4; 6-7 (2002).

The indictment fails to allege what type of proceeding Mr. Knowlton allegedly obstructed. It is an essential element of the charged offense and necessary for the indictment to provide Mr. Knowlton and this Court with notice of exactly what "proceeding before Congress" Mr. Knowlton allegedly obstructed. Accordingly, the failure to allege what kind of proceeding Mr. Knowlton allegedly obstructed renders the indictment insufficient and this Court must therefore dismiss.

## II. The Indictment is Insufficient Because it Fails to Specify the "Proceeding Before Congress" that Mr. Knowlton Allegedly Obstructed

The legal standards applicable to determining the sufficiency of an indictment are fully set out in *United States v. Hillie*, 227 F.Supp.3d 57 (D.D.C. 2017). As Judge Jackson recognized, the sufficiency of an indictment implicates "at least two core constitutional protections": (1) the Sixth Amendment's right of an individual accused of

a crime "to be informed of the nature and cause of the accusation" and, (2) the Fifth Amendment's guarantee that a criminal defendant may only be prosecuted for offenses, the elements of which have been considered and found to exist by a grand jury such that the defendant may not be subject to multiple prosecutions for the same offense. *Id.* at 69–70 (citations omitted). Federal Rule of Criminal Procedure 7(c)(1) secures these constitutional rights by requiring that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged...." FED. R. CRIM. P. 7(c)(1).

The Supreme Court decision in *Russell v. United States*, 369 U.S. 749, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962), is instructive here, as well. In *Russell*, the Court held that an indictment charging a defendant with refusing to answer questions before a congressional subcommittee was insufficient and affirmed its dismissal because the indictment failed to allege the subject of the congressional committee's inquiry, an essential element of the offense. *Id.* at 754–55, 771–72. As the Court noted, "Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Id.* at 764. The Court noted that, for the specific charged offense in that case, a violation of 2 U.S.C. § 192 involving the refusal to answer questions before Congress, "the very core of criminality under [that statute] is pertinency to the subject under inquiry of the questions which the defendant refused to answer." *Id.* at 764. Hence, the indictment's failure to identify the subject under inquiry was "thus

the violation of the basic principle 'that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, * * *.'" *Id.* at 766 (quoting *United States v. Simmons*, 96 U.S. 360, 362, 24 L. Ed. 819 (1877)). Furthermore, the Court held that amending the indictment to add that critical information would not suffice as it would fail to satisfy the Fifth Amendment requirement that the grand jury consider and find all elements of the charged offense. *See id.* at 771 (citing *Stirone v. United States*, 361 U.S. 212, 217, 80 S. Ct. 270, 273, 4 L. Ed. 2d 252 (1960)).

As it relates to 18 U.S.C. § 1512(c) — the statute that Mr. Knowlton allegedly violated as set out in Count Ten — the court in *United States v. McGarrity*, 669 F.3d 1218 (11th Cir. 2012), held that an indictment for obstruction under that section is likewise insufficient when it fails to specify what "official proceeding" was allegedly obstructed. *Id.* at 123–40. In that case, the defendants were charged by indictment with obstructing an official proceeding in violation of 18 U.S.C. § 1512(c). *Id.* at 1239. The indictment, however, did not specify what that official proceeding was. *Id.* The court noted this was insufficient to "apprise [] the defendant[s] of what [charges they] must be prepared to meet" as the only notice given was that the defendants "obstructed an unknown official proceeding at some time in some place by some action." *Id.* (quoting *Russell*, 369 U.S. at 763).

Count Ten of the indictment against Mr. Knowlton suffers from the same problem present in *Russell* and *McGarrity*, merely repeating the language of the criminal

5

statute allegedly violated, in this case Section 1512(c)(2), and, like in *McGarrity*, failing to specify what "official proceeding," or more specifically, what "proceeding before Congress" was allegedly obstructed. Such information is necessary here because, like in *Russell*, "the very core of the criminality" that the statute proscribes depends on "a specific identification of fact" namely, what the "proceeding" was that Mr. Knowlton allegedly obstructed. *Russell*, 369 U.S. at 764. In sum, without identifying what "official proceeding" was allegedly obstructed, no criminal charge, in violation of Section 1512(c)(2), can be sustained. Section 1512(c)(2) simply does *not* proscribe the obstruction of any and every proceeding before Congress.

**III. Specifying the "Proceeding Before Congress" that Mr. Knowlton Allegedly Obstructed is an Essential Element Because the Statute Only Criminalizes Obstruction of Proceedings Related to the Administration of Justice**

*Ermoian v. United States* was one of the first appellate decisions to consider the meaning of "official proceeding" as that term is used in Section 1512(c) and defined in Section 1515. *See Ermoian*, 752 F.3d at 1168 ("Our circuit has never before addressed the meaning of the term 'official proceeding' as used in the obstruction of justice statute at 18 U.S.C. § 1512."). Although that case considered whether a criminal investigation by the FBI was considered an "official proceeding" for purposes of the statute, the court noted, "[a]s used in the statute, the definition of the phrase 'official proceeding' depends heavily on the meaning of the word 'proceeding'" and further noted, "[t]hat word is used — somewhat circularly — in each of the definitions for an 'official proceeding' and is key to the phrase's meaning." *Id.* at 1169.

Reviewing the plain language of Section 1515, the court explained that "[s]everal aspects of the definition for 'official proceeding' suggest that the legal — rather than the lay — understanding of the term 'proceeding' is implicated in the statute." *Id.* at 1170. As the court pointed out, "the descriptor 'official' indicates a sense of formality normally associated with legal proceedings," and not "a mere 'action or series of actions.'" *Id.* (citing "Proceeding," Oxford English Dictionary, available at http://www.oed.com). "Moreover, when used to define 'official proceeding,'" the court pointed to the fact that "the word 'proceeding' is surrounded with other words that contemplate a legal usage of the term, including 'judge or court,' 'Federal grand jury,' 'Congress,' and 'Federal Government agency.'" *Id.*

The court then turned to the broader statutory context, looking at Section 1515 as a whole, noting that "[t]he use of the preposition 'before' suggests an appearance in front of the agency *sitting as a tribunal*." *Id.* at 1171 (emphasis added). The court further looked to another circuit's interpretation of the phrase "official proceeding" and noted, "[a]s the Fifth Circuit explained when addressing this same definition, 'use[ of] the preposition 'before' in connection with the term 'Federal Government agency' ... implies that an 'official proceeding' involves some formal convocation of the agency in which parties are directed to appear." *Id.* (quoting *United States v. Ramos*, 537 F.3d 439, 462–63 (5th Cir. 2008)). Additionally, the court pointed out, "The use of the terms 'attendance', 'testimony', 'production', and 'summon[]' when describing an official proceeding strongly implies that some formal hearing before a tribunal is contemplated." *Id.* at 1172. In conclusion, the court considered "the plain meaning of

7

the term 'proceeding,' its use in the grammatical context of the 'official proceeding' definition, and the broader statutory context" to hold that a criminal investigation is not an "official proceeding" under Section 1512(c). *Id.*

The interpretation, reasoning, and logic applied by the court there equally applies here. Looking at Section 1512 as a whole, it is obvious that the statute solely prohibits conduct that affects the *administration of justice*. *See* 18 U.S.C. § 1512. The statute repeatedly references "proceedings" in the context of investigations and legal proceedings related to a criminal investigation. *Id.* As pointed out *supra*, even the title of the offense relates to "Tampering with a witness, victim, or an informant." *Id.*; *see I.N.S. v. Nat'l Ctr. for Immigrants' Rts., Inc.*, 502 U.S. 183, 189, 112 S. Ct. 551, 556, 116 L. Ed. 2d 546 (1991) ("the title of a statute or section can aid in resolving an ambiguity in the legislation's text."). There is little doubt, based on the language of the statute, that the "official proceeding" — and more specifically, the "proceeding before Congress" — that was allegedly obstructed by Mr. Knowlton must relate to the administration of justice.

This is consistent with the caselaw that has clarified the meaning of the statutory language at issue here. *See e.g. Arthur Andersen LLP*, 544 U.S. at 708 (interpreting Section 1512(c) as requiring that the defendant have "knowledge that his actions are likely to affect [a] *judicial proceeding*" in order to have the "requisite intent to obstruct"); *Burge*, 711 F.3d at 809 (considering application of Section 1512 and noting "[o]bstruction of justice occurs when a defendant acts to impede the types of proceedings that take place *before judges or grand juries*"); *United States v. Sampson*,

898 F.3d 287, 300 (2d Cir. 2018) (noting Section 1512 "broadly criminalizes various forms of witness tampering"); *United States v. Young*, 916 F.3d 368, 386 (4th Cir.), cert. denied, 140 S. Ct. 113, 205 L. Ed. 2d 33 (2019). It is even consistent with the Department of Justice's own interpretation as reflected in their Criminal Resource Manual discussing the application of Section 1512:

> Section 1512 of Title 18 constitutes a broad prohibition against tampering with a witness, victim or informant. *It proscribes conduct intended to illegitimately affect the presentation of evidence in Federal proceedings or the communication of information to Federal law enforcement officers.*

CRIMINAL RESOURCE MANUAL, CRM 1729, Department of Justice (available at https://www.justice.gov/archives/jm/criminal-resource-manual-1729-protection-government-processes-tampering-victims-witnesses-or) (emphasis added).

The surrounding statutory provisions in Chapter 73 support this interpretation. *See NASDAQ Stock Mkt., LLC v. Sec. & Exch. Comm'n*, 961 F.3d 421, 426 (D.C. Cir. 2020) (quoting *Util. Air Regulatory Grp. v. E.P.A.*, 573 U.S. 302, 321, 134 S. Ct. 2427, 189 L. Ed. 2d 372 (2014)) ("A statutory provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme[,] because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law."). Each one of the statutes contained therein proscribe obstructive conduct for very specific subjects and settings related to the administration of justice. For instance, Section 1510 deals with obstruction of criminal investigations. 18 U.S.C. § 1510. Sections 1516 through 1518 criminalizes obstruction of specific types of other investigations. *See* 18 U.S.C. §§ 1516 (obstruction of a federal audit); 1517

(obstruction of examination of financial institution); 1518 (obstruction of investigations of health care offenses). Section 1519 prohibits the destruction, alteration, or falsification of records during a *federal investigation*. 18 U.S.C. § 1519.

Indeed, other provision in Chapter 73 explicitly relate to the administration of justice. *See* 18 U.S.C. §§ 1503, 1504 (influencing or injuring a juror); 1513 (retaliating against a witness, victim, or informant); 1521 (retaliating against a federal judge or law enforcement officer by false claim or slander of title). There is even a statute to prohibit "picketing or parading" near the residence of a judge, juror, witness, or court officer "with the intent of interfering with, obstruction, or impeding *the administration of justice*." 18 U.S.C. § 1507 (emphasis added). As all these laws are related to the obstruction of the administration of justice and serve to protect participants in the administration of justice, it follows that, in order to violate Section 1512(c), there must be some allegation that the "official proceeding" obstructed related to the administration of justice.

Finally, although not required due to the plain meaning of the statute, this Court can also take comfort by looking at the legislative intent behind Section 1512(c) to know what was meant by "official proceeding" as used in that statute. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568, 125 S. Ct. 2611, 2626, 162 L. Ed. 2d 502 (2005) ("Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms."). Section 1512(c) was passed as part of the Sarbanes-

Oxley Act of 2002, "An Act to protect investors by improving the accuracy and reliability of corporate disclosures made pursuant to securities laws, and for other purposes." SARBANES–OXLEY ACT OF 2002, Pub. L. No. 107-204, 116 Stat. 745. The Senate Judiciary Committee report described the Act's purpose as "provid[ing] for criminal prosecution and enhanced penalties of persons who defraud investors in publicly traded securities or alter or destroy evidence in *certain Federal investigations*." S. REP. NO. 107-146, at 2 (2002) (emphasis added). As for the use of the term "official proceeding" in Section 1512(c), because the legislation was due in part to the collapse of Enron, the Committee Report noted that much of Enron's document destruction was "undertaken in anticipation of a SEC subpoena to Andersen for its auditing and consulting work related to Enron." *Id.* at 4. Congress was adamant that "[w]hen a person destroys evidence with the intent of obstructing any type of investigation and the matter is within the jurisdiction of a federal agency, overly technical legal distinctions should neither hinder nor prevent prosecution and punishment." *Id.* at 6–7. In short, when considering the Act's preamble and the legislative history, it is clear that Section 1512(c) was aimed at preventing corporations from destroying records relevant to federal securities investigations and was not intended to apply in all circumstances where a government function may have been impeded.

Because Section 1512(c) only applies to an "official proceeding" related to the administration of justice — as opposed to a general governmental function — and proscribes only that conduct that corruptly interferes or impedes that administration

of justice, it is a necessary for the indictment to set out the specific "official proceeding" that Mr. Knowlton allegedly obstructed and reflect whether it was a proceeding related to the administration of justice. This is necessary to inform this Court, and more importantly, Mr. Knowlton "with reasonable certainty, of the nature of the accusation against him" and to ensure that it falls within the conduct proscribed by the statute. *See Russell*, 369 U.S at 766.

Because Count Ten fails to specify the "official proceeding" and, more specifically, the "proceeding before Congress" Mr. Knowlton allegedly obstructed, this count of the indictment is constitutionally insufficient and this Court must therefore dismiss.

IV. **If this Court Finds that the Indictment Sufficiently Notifies Mr. Knowlton that the Proceeding Before Congress that he Allegedly Obstructed was the Certification of the Electoral College Vote, the Indictment Still Fails to State an Offense and Must Be Dismissed**

When considering the sufficiency of the charge in an indictment, a court "'is limited to reviewing the *face* of the indictment and, more specifically, the *language* used to charge the crimes.'" *Hillie* 227 F.Supp.3d at 107 (quoting *United States v. Sunia*, 643 F.Supp.2d 51, 60 (D.D.C. 2009) (emphasis in original)). As set out *supra*, when considering just the face of the indictment and the language used in Count Ten, that count of the indictment is insufficient and must be dismissed on that basis alone.

Of course, Mr. Knowlton acknowledges that, although not stated in the indictment, this Court and the parties are well aware that the "proceeding before Congress" that Mr. Knowlton allegedly obstructed was the certification of the electoral college

12

vote for the 2020 Presidential Election. *See* Doc. No. 1 filed 4/21/21 (complaint). Mr. Knowlton submits, in the alternative, if this Court were to hold that the present indictment sufficiently notifies him of the nature of the charges against him in compliance with the constitutional protections afforded him under the Fifth and Sixth Amendments, as well as Rule 7(c)(1) of the Federal Rules of Criminal Procedure, the indictment is still insufficient as it fails to state an offense. More specifically, as set out *supra*, 18 U.S.C. § 1512(c)(2) only prohibits the corrupt obstruction of proceedings before Congress related to the administration of justice such as a congressional committee investigating a violation of the law where witnesses are subpoenaed to appear and give testimony or to provide relevant evidence. It does not prohibit the obstruction of a proceeding before Congress like the certification of the electoral college vote, a proceeding wholly unrelated to the administration of justice. If the allegation is that Mr. Knowlton obstructed the certification of the electoral college vote, that would not be a crime under 18 U.S.C. § 1512(c).

This is undoubtedly a case of the Government overcharging a person for conduct that is more specifically proscribed elsewhere. 18 U.S.C. § 1752(a)(2), which Mr. Knowlton is charged with violating in Count Six of the indictment, prohibits a person from "knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions." Additionally, 40 U.S.C. § 5104(e)(2)(D), which Mr. Knowlton is

13

charged with violating in Counts Seven, prohibits violent entry and disorderly conduct on Capitol Grounds or within the Capitol Building. These statutes adequately prohibit the conduct that Mr. Knowlton allegedly engaged in.

No court has ever interpreted an "official proceeding" as that term is used in Section 1512(c) to apply to a legislative function such as the certification of the electoral college vote. The Government is asking this Court to go well beyond the plain meaning of the term "proceeding," its use in the grammatical context of the "official proceeding" definition, the broader statutory context, and the legislative history to allow this prosecution to go forward. Mr. Knowlton is confident this Court will follow the law and the plain language of the statute to limit the Government's overreach and find that Count Ten should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Mr. Knowlton respectfully requests this Honorable Court dismiss Count Ten of the Indictment against him.

Date: June 18, 2021                                   Respectfully Submitted,

                                                      RONALD SULLIVAN LAW, PLLC

                                                      by: /s/ Ronald S. Sullivan, Jr.
                                                      RONALD S. SULLIVAN JR.
                                                      D.C.D.C. Bar ID 451518
                                                      rsullivan@ronaldsullivanlaw.com

                                                      1300 I Street NW
                                                      Suite 400 E
                                                      Washington, DC 2005
                                                      Telephone: (202) 935-4347
                                                      Fax: (617) 496-2277

                                                      MAYR LAW, P.C.

        by: /s/ T. Brent Mayr
        T. BRENT MAYR
        Texas State Bar Number 24037052
        D.C.D.C. Bar ID TX0206
        bmayr@mayr-law.com

        5300 Memorial Dr., Suite 750
        Houston, TX 77007
        Telephone: 713-808-9613
        Fax: 713-808-9613

        WAGNER PLLC

        by: /s/ Camille Wagner
        CAMILLE WAGNER
        DC Bar No. 1695930
        law@myattorneywagner.com

        1629 K Street NW, Suite 300
        Washington, DC 20006
        (202) 630-8812

        ATTORNEYS FOR THE DEFENDANT,
        BRADY KNOWLTON

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this motion was sent to Counsel for the Government, Elizabeth Kelley, on June 18, 2021, via CM/ECF and email.

        /s/ T. Brent Mayr
        T. BRENT MAYR