UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:21-cr-00046-RDM |
| | : | |
| BRADY KNOWLTON and | : | |
| | : | |
| PATRICK MONTGOMERY, | : | |
| | : | |
| Defendants | : | |

**PRE-TRIAL MEMORANDUM**
**REGARDING GOVERNMENT PREPARATION TIME**

**COMES NOW** Brady Knowlton, by and through undersigned counsel, and submits this MEMORANDUM pursuant to the Court's request.

1. At the status hearing held on July 13, 2022, counsel for Mr. Knowlton re-affirmed Mr. Knowlton's invocation of his right a speedy trial as provided by the Sixth Amendment to the Constitution.

2. In accord with Mr. Knowlton's right to a speedy trial and consonant with the government's trial schedule, counsel for Mr. Knowlton stated that the defense would be ready for trial on October 3, 2022

3. The Court announced that October 3, 2022 is available on its calendar and ordered the parties to hold that date available.

4. While the government acknowledged that it had no conflicting trial scheduled in October, it made the summary claim that the specific prosecutors assigned to the case needed more "preparation" time than the October 3, 2022 date allowed.

5. The Court permitted undersigned counsel to brief whether the Court is prohibited from taking into account the assigned prosecutors' preparation schedule in the Court's speedy trial analysis.[1]

### **DISCUSSION**

This MEMORANDUM argues that individual prosecutors' putative need for additional preparation time, when balanced against an accused's Sixth Amendment right to a speedy trial, is not sufficient to delay the trial until early December, over Mr. Knowlton's express objection on Sixth Amendment speedy trial grounds.

The right to a speedy trial is both ancient – its roots dating back, at least, to the Magna Carter[2] – and it is a "fundamental" right for the criminally accused. *Klopfer v North Carolina*, 386 U.S. 213, 223 (1967). Because the right to a speedy trial is "necessarily relative," the Supreme Court has articulated a "functional analysis" of the speedy trial right "in the particular context of the case." *Barker v. Wingo*, 407 U.S. 514, 522 (1972). Accordingly, the so-called *Barker* test instructs courts how to analyze speedy trial claims. It is a four-part test: 1) length of delay; 2) the reason for the delay; 3) when a defendant asserts his right to a speedy trial; and, 4) what prejudice results from the delay.

---

[1] This is a paraphrase of the Court's request, as counsel does not have a transcript of the July 13, 2022 hearing, and cannot supply a verbatim quotation.
[2] *See* David C. Douglas and George W. Greenway, eds, 2 English Historical Documents 408 (Oxford, 1953).

Mr. Knowlton asserted his right to a speedy trial on May 20, 2022 in the Joint Status Report. *See* ECF 100. The pertinent constitutional issue raised at the July 13, 2022 status hearing is the "reason for the delay" *Barker* prong – individual prosecutors' trial preparation schedules. ***Counsel was able to find no Sixth Amendment case that stands for the proposition that an individual prosecutor's schedule, without more, defeats a criminal defendant's right to a speedy trial under the Sixth Amendment.*** To the contrary, what is clear from any responsible doctrinal analysis is that the state qua state has the ultimate responsibility to bring a defendant to trial; it is not the defendant's responsibility. *Strunk v U.S.,* 412 U.S. 434, 436 (1973).  While the Court may weigh a busy prosecutor's office as part of the *Barker* test, such a claim does not end the inquiry.  Significantly, the foregoing is not even a claim that the assigned prosecutors made here. Rather, the assigned prosecutors set forth their individual preparation schedules – not office workload or individual trial schedules – as barring them from an October trial date. Undersigned counsel found no case supporting the claim that supposed preparation time for a particular line prosecutor, rather than over-burdened offices, is an appropriate factor to be weighed in a *Barker* analysis. *See id.* (reasoning that "understaffed prosecutors" is a factor – not a dispositive one – to be analyzed in conjunction with the other *Barker* factors, but no mention of an individual prosecutor's idiosyncratic preparation schedule, without any representation as to whether other prosecutors, or one of the two assigned prosecutors, has a more amenable preparation schedule – assuming, without conceding, that "preparation schedule" is even an appropriate factor for the Court to consider.

This District has recognized "court proceedings, pretrial motions, and interlocutory appeals" as sufficient, when balanced against the other *Barker* prongs, to overcome a Sixth Amendment speedy trial claim, but, significantly, there is no mention of prosecutorial preparation as a ground in deciding the constitutional claim. *U.S. v Yunis*, 705 F. Supp. 33, 35 (D.D.C. 1989). At the July 13, 2022 status hearing, the government gestured at doctrinal interpretations under the Speedy Trial Act. 18 U.S.C. § 3161 *et seq*. Mr. Knowlton repeats here what counsel stated at the status hearing: Mr. Knowlton seeks constitutional relief. His argument neither touches nor concerns putative statutory or administrative law rights that the government apparently purports to be co-extensive with the Sixth Amendment. In this sense, Mr. Knowlton's argument is both narrow and specific. It is a constitutional argument, and its merits do not rely on the Speedy Trial Act or Rule 48 of the Federal Rules of Criminal Procedure, even if a delaying the trial until December 12, 2022 runs afoul of the Speedy Trial Act and justifies a dismissal of the indictment under Rule 48. Accordingly, Mr. Knowlton declines to address any such statutory or administrative law arguments, at this juncture, and relies on the Sixth Amendment to the Constitution.

Finally, undersigned counsel repeats what he represented at the July 13, 2022 status conference. The most recent term of the United States Supreme Court sends a clear message to inferior courts that its jurisprudence foregrounds a reliance on the text of the Constitution. *See, e.g., Dobbs v. Jackson Women's Health Organization*, 597 U.S. \_\_\_, 142 S. Ct. 2228 (2022). Where the Sixth Amendment's right to a speedy trial does not mention "prosecutorial preparation" as a factor in diminishing the protection of the right, District Courts should rely on

4

a robustly textualist analysis in deciding this issue when the matter is not clearly and cleanly doctrinally resolved.

WHEREFORE, Mr. Knowlton respectfully requests that this matter be set for trial on October 3, 2022.

Respectfully submitted,

RONALD SULLIVAN LAW, PLLC

*by: /s/ Ronald S. Sullivan Jr.*
RONALD S. SULLIVAN JR.
D.C.D.C. Bar ID 451518
rsullivan@ronaldsullivanlaw.com
1300 I Street NW
Suite 400 E
Washington, DC 2005
Tel: (202) 935-4347
Fax: (617) 496-2277
ATTORNEY FOR BRADY KNOWLTON

MAYR LAW, P.C.

*by: /s/ T. Brent Mayr*
T. BRENT MAYR
Texas State Bar Number 24037052
D.C. Bar ID TX0206
bmayr@mayr-law.com
5300 Memorial Dr., Suite 750
Houston, TX 77007
Tel: (713) 808-9613
Fax: (713) 808-9613
ATTORNEY FOR BRADY KNOWLTON

WAGNER PLLC

*by: /s/ Camille Wagner*
CAMILLE WAGNER

DC Bar No. 1695930
law@myattorneywagner.com
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 630-8812
ATTORNEY FOR BRADY KNOWLTON