IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § § | Case No. 21-CR-00046-RDM |
| PATRICK MONTGOMERY, § BRADY KNOWLTON, and § GARY WILSON § § | |
| *Defendants* § | |

### DEFENDANTS' RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ENTRAPMENT RELATED DEFENSES AND ARGUMENTS AND EVIDENCE ABOUT ALLEGED LAW ENFORCEMENT INACTION

TO THE HONORABLE RANDOLPH D. MOSS, UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:

PATRICK MONTGOMERY, BRADY KNOWLTON, and GARY WILSON, the Defendants in the above styled and numbered cause, by and through their respective, undersigned counsel, submit the following response to the Motion in Limine to Preclude Entrapment Related Defenses and Arguments and Evidence About Alleged Law Enforcement Inaction filed by the Government on May 4, 2023. ECF Dkt. 132 (hereafter Gov't Motion in Limine). By way of a Minute Order, this Court ordered the Defendants to respond to the Government's motion by June 5, 2023. Minute Order of 5/12/23.

The Defendants maintain that the Government's motion is premature and that requiring a response to the Government's factual and legal assertions therein improperly infringes upon their right to remain silent and present a defense.

1

As agreed by the parties, motions pursuant to Federal Rule of Criminal Procedure 12(b)(3) are not due until June 19, 2023. *See* Joint Status Report, ECF Dkt. 125. This would include any of the Defendants giving notice of their intent to raise a public-authority defense, including entrapment by estoppel — defenses the Government seeks to preclude with its motion. *See* FED. R. CRIM. P. 12.3(a)(1) (requiring defendant to give notice "within the time provided for filing a pretrial motion"); *United States v. Xiong*, 914 F.3d 1154, 1159 (8th Cir. 2019) (requiring notice of "defenses based on perceived government authority" despite the distinction from the classic "public authority defense"). Presently, none of the Defendants have given such notice and thus, requiring a response is premature as the matter is not ripe for consideration.[1]

Beyond these defenses, the Government also seeks to prohibit the Defendants from making arguments or attempting to introduce non-relevant evidence "that they were entrapped," *see* Gov's Motion in Limine at 26–27, that "alleged inaction by law enforcement officers made their conduct on January 6, 2021 legal," *see id.* at 39–40, or "testimony and evidence of any alleged inaction by the police . . . except to the extent the Defendants show that they specifically observed or was (sic) aware of the alleged inaction by the police." *Id.* at 40–41.

Requiring the Defendants to respond to this motion and, more specifically, these specific arguments at this particular point in time, compels the Defendants to essentially waive their right to remain silent and to disclose the nature and detail of

---

[1] Defendants further maintain that, by filing their Motion in Limine and having this Court order Defendants to respond to their factual and legal assertions therein, the Government is attempted to circumvent the agreed upon scheduling order and essentially move the pretrial motions deadlines up.

their defense in advance of trial. The Defendants recognize that the notice requirements of Rule 12.3 do not violate the Fifth Amendment because "there is nothing incriminating about giving *notice* of a defense to be offered at trial." *See United States v. Abcasis*, 785 F. Supp. 1113, 1116–17 (E.D.N.Y. 1992) (emphasis in original) (citing *Williams v. Florida*, 399 U.S. 78, 85, 90 S. Ct. 1893, 26 L. Ed. 2d 446 (1970)). However, requiring the Defendants to respond to the Government's arguments and factual assertions in their motion goes beyond simply giving *notice*. In effect, the Court's minute order compels the Defendants to provide testimony against themselves in violation of their Fifth Amendment right to remain silent and not incriminate themselves to the extent that such preview of their testimony is necessary for this Court to weigh the applicability of their defense. *See* U.S. CONST, amend V.

Furthermore — and not surprisingly — the Government's production of discovery in this case is ongoing. As recently as May 4, 2023, the Government provided the Defendants with additional evidence (videos of some of the areas where Defendants allegedly traveled on January 6, 2021). This case-specific material was provided in addition to continued, voluminous "global discovery" releases, the latest which Defendants received on April 28, 2023. With this continuing discovery, Defendants are continually having to investigate and develop their defenses, further complicating their abilities to respond to the Government's motion at this time.

The Defendants recognize and appreciate that this Court possesses the "inherent authority to manage the course of trials," *Youssef v. Lynch*, 144 F. Supp. 3d 70, 80 (D.D.C. 2015) (quoting *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)), and the

Defendants have no intention of infringing on that authority.

For now, however, the Defendants respectfully request that this Court hold the Government's Motion in Limine in abeyance and permit the Defendants to operate under the current deadlines set forth in the Joint Status Report. If any of the Defendants intend to raise a public authority defense at trial, they will provide such notice as required by Rule 12.3 at the appropriate time. If the Court subsequently orders the Defendants to then respond to the Government's Motion in Limine or otherwise requires the Defendants to proffer further evidence for this Court to weigh the applicability of their defense, the Defendants anticipate requesting this Court grant them leave to permit them to do so both under seal and *ex parte. See United States v. Carpenter*, 923 F.3d 1172, 1178 (9th Cir. 2019) ("A defendant may proffer a duress defense *ex parte* and under seal upon a showing of a 'compelling reason' for doing so.").

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request this Court hold the Government's Motion in Limine in abeyance.

Respectfully Submitted,

| | |
|---|---|
| LEVIN & ASSOCIATES, PLLC | RONALD SULLIVAN LAW, PLLC |
| by: /s/ Duncan Levin | by: /s/ Ronald S. Sullivan Jr. |
| DUNCAN LEVIN | RONALD S. SULLIVAN JR. |
| Appearing pro hac vice | D.C.D.C. Bar ID 451518 |
| dlevin@levinpllc.com | rsullivan@ronaldsullivanlaw.com |
| | |
| 44 Court Street, Suite 905 | 1300 I Street NW |
| Brooklyn, New York 11201 | Suite 400 E |
| 212-330-7626 | Washington, DC 2005 |
| | Telephone: (202) 935-4347 |
| *Attorney for Patrick Montgomery* | Fax: (617) 496-2277 |

| | |
|---|---|
| PRICE BENOWITZ, LLP | MAYR LAW, P.C. |
| by: /s/ David B. Benowitz<br>DAVID B. BENOWITZ<br>D.C.D.C. Bar ID 451557<br>david@pricebenowitz.com | by: /s/ T. Brent Mayr<br>T. BRENT MAYR<br>D.C.D.C. Bar ID TX0206<br>bmayr@mayr-law.com |
| by: /s/ Amy Collins<br>AMY COLLINS<br>D.C.D.C. Bar ID 1708316<br>amyc@pricebenowitz.com<br>409 Seventh Street, NW, Suite 200<br>Washington, DC 20004<br>Telephone: (202) 417-6000<br>Fax: (202) 664-1331 | 5300 Memorial Dr., Suite 750<br>Houston, TX 77007<br>Telephone:  713-808-9613<br>Fax:  713-808-9613 |
| | WAGNER PLLC |
| *Attorneys for Gary Wilson* | by: /s/ Camille Wagner<br>CAMILLE WAGNER<br>DC Bar No. 1695930<br>law@myattorneywagner.com |
| | 1629 K Street NW, Suite 300<br>Washington, DC 20006<br>202-630-8812 |
| | *Attorneys for Brady Knowlton* |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this response was sent to Counsel for the Government, James Peterson, Kelly Moran, and Karen Rochlin and, on March 24, 2023, via CM/ECF and email.

/s/ T. Brent Mayr
T. BRENT MAYR
Attorney for Brady Knowlton

5