IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 21-cr-46-RDM** |
| | : | |
| **PATRICK MONTGOMERY,** | : | |
| **BRADY KNOWLTON, and** | : | |
| **GARY WILSON,** | : | |
| | : | |
| **Defendants.** | | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE UNSEEN SIGNAGE**

The United States of America respectfully submits this opposition to the defendants' motion to preclude admission "from trial any evidence, discussion, or argument regarding signs, fencing, dispersal announcements, barricades or other barriers unless the offering party first lays a foundation that defendants actually were in a place to witness such features." ECF No. 166.

The defendant's argument ignores a critical element that the government must prove to establish a violation of 18 U.S.C. § 1752(a)(1) and (a)(2). In count five, the government must show:

1) The defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2) The defendant did so knowingly.

In count six, the government must show:

1) The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

2) The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

> 3) The defendant's conduct occurred when, or so that, her conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Each offense requires the government to prove both the *existence* of a restricted building or grounds, and separately that the defendants' actions occurred within that building or grounds *knowingly*.

By law, "the term 'restricted buildings or grounds' means any posted, cordoned off, or otherwise restricted area—(B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). The government must prove—in addition to the defendants' intent—that the defendants entered or remained in an area that was posted, cordoned off, or otherwise restricted.

Next, the government must show that the defendant committed their acts knowingly. It appears the defendants agree that the government must be allowed to present evidence of 'signs, fencing, dispersal announcements, barricades, or other barriers' to show the defendant's knowledge. An apt example can be found in *United States v MacAndrew*, No. 21-cr-730-CKK, January 17, 2023, 2023 WL 196132:

> [The defendant's] knowledge, like a snowball rolling down a ski slope, accumulated that day. Her suspicions undoubtedly started when . . . she passed "Area Closed" signs affixed to strewn fencing. If she did not know at that time her presence on Capitol grounds was unlawful, her awareness must have been stronger when she clambered over dismantled bike racks and snow fencing even closer to the Capitol building with their own "Area Closed" signs. If, after seeing *those* signs, she did not know her presence was unlawful after *those* signs, then surely she knew she was unlawfully present when she encountered a line of armored Metropolitan Police Department ("MPD") officers marching past Capitol Police officers guarding the Capitol building behind bike racks affixed, again, with "Area Closed" signs.

> Assuming, for the sake of argument, that she *still* did not know she was not permitted on Capitol grounds or in the Capitol building, she must have known when she arrived to the Upper West Terrace and met four individuals she testified she knew to have been pepper sprayed. Or, to enter the realm of the fabulist, perhaps it was only when she entered the Capitol through a broken door, an emergency siren blaring. These signs, and other detailed below, undoubtedly endowed [the defendant] with the knowledge that her presence and protest in the Capitol was unlawful. Nevertheless, she remained.

*United States v MacAndrew*, No. 21-cr-730-CKK, January 17, 2023, 2023 WL 196132 at *1-2. (emphases in original).

Much like in *MacAndrew*, the factfinder in the present case will be provided with a series of impediments that the defendants experienced *personally*. But the requirement that the government prove that the defendants acted *knowingly* does not negate the government's obligations to prove the *fact that* the Capitol building and grounds weres restricted.

Therefore, the government respectfully requests this Court deny the defendants' motion for an *in limine* order precluding evidence of unseen signs and barriers.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ Carolina Nevin
CAROLINA NEVIN
Assistant United States Attorney
NY Bar No. 5226121
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-803-1612
carolina.nevin@usdoj.gov

/s/ Kelly Elizabeth Moran
KELLY ELIZABETH MORAN
Assistant United States Attorney
NY Bar No. 5776471

U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-740-4690
kelly.moran@usdoj.gov