# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 21-CR-00046-RDM** |
| **PATRICK MONTGOMERY,** | § | |
| **BRADY KNOWLTON, and** | § | |
| **GARY WILSON** | § | |
| | § | |
| *Defendants* | § | |

## DEFENDANTS' RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE FIRST AMENDMENT DEFENSE, EVIDENCE, OR ARGUMENT

TO THE HONORABLE RANDOLPH D. MOSS, UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:

PATRICK MONTGOMERY, BRADY KNOWLTON, and GARY WILSON, the Defendants in the above styled and numbered cause, by and through their respective, undersigned counsel, submit the following response to the Motion in Limine to Preclude First Amendment Defense, Evidence, or Argument filed on on June 16, 2023. ECF Dkt. 136 (hereafter cited as Gov't Motion in Limine).

In their motion, the Government seeks to prohibit the Defendants "from eliciting evidence or arguing to the jury or fact finder that their statements and actions were protected by the First Amendment." Gov't Motion in Limine at 1. But, in the same breath, the Government concedes, "that defendants can argue that they were present for purposes of protest, to the extent that a protest argument may bear on the defendants' state of mind." *Id.* In that sense, the Government appears to concede that the Defendants can argue that they came "to Washington to exercise their First

1

Amendment right to petition the Government" for what they believed was a redress of grievances. The Defendants would submit that, because their First Amendment rights to assembly and free speech are so intertwined with their alleged criminal actions, any attempt to limit its use in the trial would infringe upon their constitutional right to "a meaningful opportunity to present a complete defense" afforded them by the Due Process Clause of the Fourteenth Amendment, as well as the Compulsory Process and Confrontation Clauses of the Sixth Amendment. *See Holmes v. South Carolina*, 547 U.S. 319, 324, 126 S. Ct. 1727, 1731, 164 L. Ed. 2d 503 (2006) (citing *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S. Ct. 2142, 90 L. Ed. 2d 636 (1986) in turn quoting *California v. Trombetta*, 467 U.S. 479, 485, 104 S. Ct. 2528, 81 L. Ed. 2d 413 (1984).

The Defendants acknowledge that the First Amendment, in and of itself, does not present some absolute defense to their alleged conduct. For instance, the Defendants cannot claim that their First Amendment rights to assembly and free speech excuse their *knowingly* entering and remaining in a restricted building or grounds as alleged in Count Five of the Third Superseding Indictment. *See Lloyd Corp., Ltd. v. Tanner*, 407 U.S. 551, 568, 92 S. Ct. 2219, 2228, 33 L. Ed. 2d 131 (1972). However, if the evidence establishes that the Defendants entered a restricted building or grounds with a good faith belief that they were entering with lawful authority, then they are permitted to continue exercising their First Amendment rights. *See Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802, 105 S. Ct. 3439, 3449, 87 L. Ed. 2d 567 (1985) (discussing distinction between traditional public fora and public

forums created by a government designation of a place for assembly and speech).

Much of the Government's motion in limine presumes simply because the United States Capitol Police and the United States Secret Service "coordinated to establish a restricted perimeter around the Capitol building," that, in and of itself meant that no "member of the public, including the Defendants, had a First Amendment right to engage in protest or speech within that restricted area." Gov't Motion in Limine at 9–10. But when there is reasonable doubt that a restricted area is, in fact, restricted and otherwise appears to be an open, public forum with thousands of people gathered in a place where the then-President of the United States told people to go and make their voices hear, then a question arises whether a member of the public gathered in that area is permitted to exercise their First Amendment right.

Beyond that, as the Government conceded and other courts in this District have allowed, the Defendants should also be able to argue and present evidence that they intended to exercise their First Amendment right to free speech and assembly. To that end, they should be permitted to argue that every person has the right to petition his or her government, and express ideas and bring their concerns to their legislators. They should also be permitted to argue that citizens also have the right to peaceably assemble with others to petition their government.

The limits sought by the Government in their Motion in Limine are entirely too broad and infringe upon their right to present a complete defense. Accordingly, the Defendants request that this Court deny the Government's motion.

Respectfully Submitted,

_/s/ John M. Pierce_
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
jpierce@johnpiercelaw.com

*Attorney for Patrick Montgomery*

RONALD SULLIVAN LAW, PLLC                    MAYR LAW, P.C.

by: _/s/ Ronald S. Sullivan Jr._             by: _/s/ T. Brent Mayr_
RONALD S. SULLIVAN JR.                       T. BRENT MAYR
D.C.D.C. Bar ID 451518                       D.C.D.C. Bar ID TX0206
rsullivan@ronaldsullivanlaw.com              bmayr@mayr-law.com

1300 I Street NW, Suite 400 E                5300 Memorial Dr., Suite 750
Washington, DC 20005                         Houston, TX 77007
Telephone: (202) 935-4347                    Telephone:  713-808-9613
Fax: (617) 496-2277                          Fax:  713-808-9613

WAGNER PLLC

by: _/s/ Camille Wagner_
CAMILLE WAGNER
DC Bar No. 1695930
law@myattorneywagner.com

1629 K Street NW, Suite 300
Washington, DC 20006
202-630-8812

*Attorneys for Brady Knowlton*

PRICE BENOWITZ, LLP

by: _/s/ David B. Benowitz_                  by: _/s/ Amy Collins_
DAVID B. BENOWITZ                            AMY COLLINS
D.C.D.C. Bar ID 451557                       D.C.D.C. Bar ID 1708316
david@pricebenowitz.com                      amyc@pricebenowitz.com

4

409 Seventh Street, NW, Suite 200
Washington, DC 20004
Telephone: (202) 417-6000
Fax: (202) 664-1331

*Attorneys for Gary Wilson*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this motion was sent to Counsel for the
Government, Kelly Moran and Carolina Nevin on September 1, 2023, via CM/ECF
and email.

/s/ T. Brent Mayr
T. BRENT MAYR
Attorney for Brady Knowlton