IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRADY KNOWLTON,<br><br>    *Defendant.* | Criminal Action No. 21-46 (RDM) |

**DEFENDANT'S OPPOSED MOTION TO TRAVEL**

TO THE HONORABLE RANDOLPH D. MOSS, UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:

    BRADY KNOWLTON, the Defendant in the above-styled and numbered cause, by and through undersigned counsel, requests this Court permit him to travel first to Hawaii with his two children and then to Mexico for business purposes. Despite not opposing Mr. Knowlton's requested travel in the past, the Government has indicated that they are, for the first time here, opposing such a motion. Hence, more detail will be spent herein setting out the compelling reasons for permitting this travel.

***Background: Mr. Knowlton's History of Complying with Conditions of Release, Previously Permitted Travel, and Appearance Before this Court***

    Mr. Knowlton has been released under conditions of release for over three years now. *See* ECF Dkt. 16. More importantly, he has fully complied with those conditions of release. After recently moving from Utah back to Texas, his pretrial supervision was transferred to the United States Probation Office for the Northern District

1

of Texas, Dallas Division, where his supervising officer there, Jailene Escobedo, confirmed last week that he continues to remain in full compliance with his conditions.

Among those conditions, Mr. Knowlton was ordered to abide by certain travel restrictions. For any travel outside of his district of residence, he had to notify his supervising officer in advance. *See id.*, Condition 7(f).[1] However, for any travel outside of the continental United States, he had to seek approval from this Court. *Id.*

On May 20, 2021, without opposition from the Government, Mr. Knowlton moved this Court to permit him to travel to Mexico to attend to a business that he owns there. *See* ECF Dkt. 36. The following day, this Court granted that motion on the condition that Mr. Knowlton receive prior approval from Pretrial Services with respect to his itinerary including dates, times, and places of travel. *See* Minute Order of May 21, 2021. Because of issues obtaining his passport from Pretrial Services, however, Mr. Knowlton did not travel as originally planned.

Thus, on August 9, 2021, without opposition from the Government, Mr. Knowlton again moved this Court to permit him to travel to Mexico to attend to his business there and, in conjunction with that request, order that his passport be returned to him to facilitate his travel out of the country. *See* ECF Dkt. 55. Two days later, this Court granted that motion and authorized Pretrial Services to return Mr. Knowlton's passport to him for the purposes of that travel. *See* Minute Order of May 21, 2021.

---

[1] Mr. Knowlton has traveled outside of his district of residence numerous times after making such notifications and receiving approval from Pretrial Services, returning to his residence after each trip without any issue.

2

Mr. Knowlton subsequently traveled to Mexico, returned after completing his business, and, upon doing so, returned his passport to his supervising officer.

On December 14, 2021, without opposition from the Government, Mr. Knowlton moved this Court to permit him to travel to Hawaii. *See* ECF Dkt. 86. The following day, this Court granted that motion on the condition that he (1) provide Pretrial Services with a copy of his roundtrip ticket in advance of travel, (2) notify Pretrial Services of where he would be staying, and (3) comply with all other conditions Pretrial Services specified. *See* Minute Order of December 15, 2021. Mr. Knowlton complied with all those conditions, traveled to Hawaii, and returned after his vacation.

On March 17, 2022, without opposition from the Government, Mr. Knowlton moved this Court to permit him to travel to Mexico again to attend to his business there and again order that his passport be returned to Mr. Knowlton to facilitate his travel out of the country. *See* ECF Dkt. 92. The following day, this Court granted that motion and further ordered that Mr. Knowlton surrender his passport to Pretrial Services within 72 hours of his arrival back in the United States and abide by all conditions set by Pretrial Services relating to his travel, including providing an itinerary in advance of his departure. *See* Minute Order of March 18, 2022. Mr. Knowlton complied with all those conditions, traveled to Mexico, returned after completing his business and as ordered, returned his passport to Pretrial Services.

On June 3, 2022, without opposition from the Government, Mr. Knowlton moved this Court to permit him to travel to Mexico again to attend to his business there and again order that his passport be returned to Mr. Knowlton to facilitate his

3

travel out of the country. *See* ECF Dkt. 105. On June 8, 2022, this Court granted that motion and, as before, ordered that Mr. Knowlton surrender his passport to Pretrial Services within 72 hours of his arrival back in the United States and abide by all conditions set by Pretrial Services relating to his travel, including providing an itinerary in advance of his departure. *See* Minute Order of June 8, 2022. Mr. Knowlton complied with all those conditions, traveled to Mexico, returned after completing his business and as ordered, returned his passport to Pretrial Services.

On December 26, 2022, without opposition from the Government, Mr. Knowlton moved this Court to permit him to travel to Mexico again to attend to his business there and again order that his passport be returned to Mr. Knowlton to facilitate his travel out of the country. *See* ECF Dkt. 121. The following day, this Court granted that motion and, as before, ordered that Mr. Knowlton surrender his passport to Pretrial Services within 72 hours of his arrival back in the United States and abide by all conditions set by Pretrial Services relating to his travel, including providing an itinerary in advance of his departure. *See* Minute Order of December 27, 2022. Mr. Knowlton then moved to amend his travel to permit him to stay two extra days in Mexico to attend to his business. *See* ECF Dkt. 122. The following day, this Court granted that motion with the same conditions as before. *See* Minute Order of January 10, 2023. Mr. Knowlton complied with all those conditions, traveled to Mexico, returned after completing his business and as ordered, returned his passport to Pretrial Services.

A little over a month later, on February 23, 2023, without opposition from the

4

Government, Mr. Knowlton moved this Court to permit him to travel to Mexico again to attend to his business there and again order that his passport be returned to Mr. Knowlton to facilitate his travel out of the country. *See* ECF Dkt. 127. On February 27, 2023, this Court granted that motion and further ordered that Mr. Knowlton surrender his passport to Pretrial Services within 72 hours of his arrival back in the United States and abide by all conditions set by Pretrial Services relating to his travel, including providing an itinerary in advance of his departure. *See* Minute Order of February 27, 2023. Mr. Knowlton complied with all those conditions, traveled to Mexico, returned after completing his business and as ordered, returned his passport to Pretrial Services.

On March 14, 2023, with the Government taking no position on the motion, Mr. Knowlton moved this Court to permit him to travel to the Republic of Kiribati in the South Pacific Ocean to work as a fishing guide and again order that his passport be returned to Mr. Knowlton to facilitate his travel out of the country. *See* ECF Dkt. 128. On March 16, 2023, this Court granted that motion and ordered that Mr. Knowlton first receive the permission of Pretrial Services and provide Pretrial Services with a complete itinerary of his trip, including his departure and return dates. *See* Minute Order of March 16, 2023. This Court then directed Pretrial Services to release Mr. Knowlton's passport to him for the limited purpose of traveling to the Republic of Kiribati for the dates of his travel. *Id.* Finally, this Court ordered that Mr. Knowlton surrender his passport to Pretrial Services within 72 hours of his arrival back in the United States, as well as abide by all conditions set by Pretrial Services related to his

5

travel, including providing an itinerary in advance of his departure. *Id.* Not surprisingly, Mr. Knowlton complied with all those conditions, traveled to the Republic of Kiribati, returned after completing his business and as ordered, returned his passport to Pretrial Services.

On February 5, 2024, without opposition from the Government, Mr. Knowlton moved this Court to permit him to travel to Mexico again to attend to his business there and again order that his passport be returned to Mr. Knowlton to facilitate his travel out of the country. *See* ECF Dkt. 216. That same day, this Court granted that motion and ordered that Mr. Knowlton provide exact travel details and locations to his supervision officer prior to leaving on the trip. *See* Minute Order of February 5, 2024. Mr. Knowlton complied with all those conditions, traveled to Mexico, and returned after completing his business and, although not ordered, returned his passport to Pretrial Services.

In sum, this Court has permitted Mr. Knowlton to travel outside of the continental United States once for vacation and eight times outside of the country for work purposes. Each time, he has followed this Court's instructions to a tee. Additionally, he appeared before this Court as directed on March 18, 2024 and March 20, 2024 for his trial before this Court. *See* Minute Entries of March 18, 2024 and March 20, 2024. At the conclusion of the trial, the Government indicated they had no objection to "leaving the existing conditions of release in place." Transcript of Bench Trial, March 20, 2024, ECF Dkt. 232 at 39.

*Mr. Knowlton's Requested Travel*

Mr. Knowlton now comes before this Court requesting travel on two occasions for two important reasons. From the outset, it should be noted that his supervising officer in the Northern District of Texas, Dallas Division has been provided with all the details of his travel and has indicated that she will defer to the Court's decision on both requests.

First, Mr. Knowlton is seeking to travel to Maui, Hawaii with his two children from June 1 through June 6. This trip is a significant one for Mr. Knowlton and his daughter.

Mr. Knowlton's daughter is 13 years old and suffers from autism and a co-occurring thought disorder which she was diagnosed with at age four. She has been in clinical treatment since that time. She is hyper-sensitive to sounds and often covers her ears and tries to hide. She does not understand social cues and has a severe deficit in pragmatic speech.

In January of 2023, she went into residential treatment at a location five hours away from her home. There, she worked on a daily basis understanding what is happening in her brain, the challenges that she has, and how to interact with society. She had a history of very violent outbursts and was a danger to others. She would misunderstand normal conversation and feel threatened which would result in her attacking others. In simple terms, she was controlled by her limbic system. She was attacking teachers, other family members, and other children. This prevented her from regular school and normal social events.

She was placed in residential treatment to help reduce her violent reactions. She was under the care of a team of psychologists, psychiatrists, nurses, and counselors. After a tremendous amount of work, hundreds of thousands of dollars spent, and sixteen months of being away from her family, she has all but eliminated her violent outbursts.

This trip to Hawaii is part of the reward system that she has been working toward as motivation. Not only does Mr. Knowlton want this time to spend with his daughter, but this trip is also an incredibly important part of her emotional and psychological development. He has already made flight and hotel reservations for this trip and provided those confirmations to his supervision officer.

Shortly after returning from this trip, Mr. Knowlton would then need to travel to Puerto Aventuras, Mexico. While previous trips have been taken to attend to a restaurant that he owns there, this trip is different. After this Court found Mr. Knowlton guilty of the felony offense of obstruction of an official proceeding, Mr. Knowlton began almost immediately suffering negative impacts to his financial interests. Accordingly, Mr. Knowlton has had to make the difficult decision to sell his interest in his restaurant in Puerto Aventuras. This trip is necessary to conduct this transaction and finalize the paperwork needed to transfer ownership of the business.

### *A Bit About the Law on Conditions of Release*

It is axiomatic that conditions of release, like bail, are not intended to be used as an instrument of oppression or to punish an individual for their alleged conduct. *See United States v. Salerno*, 481 U.S. 739, 746–47, 107 S. Ct. 2095, 2101, 95 L. Ed.

8

2d 697 (1987). Rather, as explicitly provided for by statute, a court is to allow for the pretrial release of a person "subject to the least restrictive . . . conditions that . . . will reasonably assure the appearance of the person . . . and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1). To say that those goals have been met — and empirically proven — through Mr. Knowlton's actions is an understatement. Multiple times, this Court has permitted him to have his passport returned to him and allowed him to leave the country. Mr. Knowlton has not squandered those opportunities. Each and every time, he has returned home and complied with this Court's instructions. Not only does he do this out of respect for the Court (a respect which this Court had the opportunity to personally observe throughout the trial proceedings), he does so because he has one thing here that is more important to him than anything else in his life: his children.

Mr. Knowlton suspects that the Government will point out that because this Court has heard and considered the evidence against him and convicted him of two counts that he faced, he should be treated differently. Let us start with the evidence against him. As this Court recognized, the case against Mr. Knowlton was a "closer" question on guilt or innocence, noting he "did not actually, himself, engage in any physical violence that day," and "that the conduct at issue is significantly less egregious that in a number of other 1512(c) cases that have resulted in convictions." Transcript of Bench Trial, March 20, 2024, ECF Dkt. 232 at 30, 40. Further, he made no explicit threats of violence; this Court primarily considered his "aggressive nature" and "body language" as threatening. *Id.* at 30–31. In short, this Court has little to no

evidence to suggest that Mr. Knowlton poses an actual danger to the safety of the community or a specific person such that it should exercise restraint in allowing him to travel to Hawaii with his family or to Mexico to attend to his final affairs with his business there. *See* 18 U.S.C. § 3142(c)(1). If anything, his compliance with his conditions of release only ratifies that belief.

Then, let us next consider the potential argument that he is no longer shrouded by the presumption of innocence and, now that this Court has found him guilty, he has a greater motivation to flee. First, as has been long held, a judgment of conviction is not final until the sentence is final. *See, e.g., Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 166, 82 L. Ed. 204 (1937); *Corey v. United States*, 375 U.S. 169, 174, 84 S. Ct. 298, 302, 11 L. Ed. 2d 229 (1963). Further, as one of this Court's fellow jurists recently held, after a bench trial, a trial court retains its authority to reconsider its findings of guilt. *See United States v. DaSilva*, No. 1:21-CR-00564 (CJN), 2024 WL 519909, at *2–6 (D.D.C. Feb. 8, 2024). As the Supreme Court continues to consider the issues raised regarding the application of Section 1512(c)(2) in *United States v. Fischer*, Mr. Knowlton is holding on to hope that guidance from the Court will impact this Court's findings on the count alleging his violation of that statute. Hence, he has every reason, not to flee, but to return to the United States to await that ruling. It further cannot be overlooked that Mr. Knowlton elected to waive his right to a trial by jury and enter into stipulations of fact in order to deliberately maintain his right to appeal. In other words, Mr. Knowlton has every intention of remaining within the United States and challenging the legal bases for his conviction

to the fullest extent possible, serving yet as another basis for him, not to flee, but to return to the United States.

*Conclusion and Prayer*

Because his requested travel will neither jeopardize the safety of any person or the community nor will make it more likely that he will flee, Mr. Knowlton respectfully requests this Court grant his motion and permit him to travel under the same conditions that this Court has required of him in the past.

WHEREFORE, PREMISES CONSIDERED, Mr. Knowlton respectfully requests this Court permit him to travel as requested herein.

Date: <u>May 20, 2024</u>　　　　　　　　Respectfully Submitted,

**RONALD SULLIVAN LAW, PLLC**

by: <u>/s/ *Ronald S. Sullivan Jr.*</u>
RONALD S. SULLIVAN JR.
D.C.D.C. Bar ID 451518
rsullivan@ronaldsullivanlaw.com

1300 I Street NW, Suite 400 E
Washington, DC 20005
Telephone: (202) 935-4347
Fax: (617) 496-2277

**MAYR LAW, P.C.**

by: <u>/s/ T. Brent Mayr</u>
T. BRENT MAYR
Texas State Bar Number 24037052
D.C.D.C. Bar ID TX0206
bmayr@mayr-law.com

5300 Memorial Dr., Suite 750
Houston, TX 77007
Telephone:  713-808-9613
Fax:  713-808-9613

**WAGNER PLLC**

by: /s/ Camille Wagner
CAMILLE WAGNER
DC Bar No. 1695930
law@myattorneywagner.com

1629 K Street NW, Suite 300
Washington, DC 20006
(202) 630-8812

ATTORNEYS FOR THE DEFENDANT,
BRADY KNOWLTON

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred with Carolina Nevin, attorney for the Government, and she is opposed to this motion. I further certify that I conferred with Jailene Escobedo, Probation Officer for the Northern District of Texas assigned to supervise Mr. Knowlton, and she provided her positions as stated herein.

/s/ T. Brent Mayr
Brent Mayr
Attorney for Brady Knowlton

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this motion was sent to Counsel for the Government on May 20, 2024, via CM/ECF and by email to Jailene Escobedo, Probation Officer for the Northern District of Texas assigned to supervise Mr. Knowlton on the same date.

/s/ T. Brent Mayr
Brent Mayr
Attorney for Brady Knowlton