UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-46 (RDM) |
| v. : | |
| : | |
| BRADY KNOWLTON, : | |
| : | |
| Defendant : | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TRAVEL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response in opposition to the defendant's motion to modify his conditions of release. Mr. Knowlton now stands mere weeks from his scheduled sentencing on July 2, 2024. The vacation he desires to take, which he has apparently already planned and promised to his children, would begin in less than two weeks. Given the close proximity to his sentencing date, at which he may face incarceration, the late nature of his request to travel, and the changed presumption regarding his detention pending sentencing, the Court should deny his request.

The defendant's conditions of release stipulate that the defendant must not knowingly leave the federal judicial district in which the defendant resides without receiving permission from Pretrial Services; further, the defendant is not permitted to travel internationally without permission from this Court. ECF No. 16. Here, the defendant wishes to travel to Hawaii for a family vacation, and later travel to Mexico for a business trip. The defendant was found guilty of one felony crime and one misdemeanor crime on March 20, 2024. The defendant is awaiting sentencing.

Under 18 U.S.C § 3143(a)(1), pending sentencing, the Court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other

1

than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." Here, although the Court has determined that detention prior to sentencing is not appropriate, the Court has deemed appropriate several conditions of release to ensure the defendant's return to Court. Among these conditions is a restriction on the defendant's ability to travel outside of his home jurisdiction. The Government respectfully request that the Court maintain those conditions and deny the defendant's motion to travel, both domestically and internationally, mere weeks before he likely will be sentenced to a term of incarceration.

The defendant was found guilty of obstruction of an official proceeding, and illegally entering the United States Capitol; he confronted multiple law enforcement officers while participating in the January 6th attack on the Capitol, and he made his way into the Senate Gallery. The nature and the circumstances of the defendant's conduct, which was proved beyond a reasonable doubt at a stipulated bench trial, as well as the defendant's impending sentencing, warrant the imposition of some restrictions on his liberty.

Despite defendant's argument to the contrary, the defendant is no longer shrouded by a presumption of innocence and is in a materially different position in making this request of the Court than he was in previous applications. The fact that Mr. Knowlton took overseas trips before trial does not mean one is appropriate now, after trial. When this Court last granted Mr. Knowlton's request for overseas travel, he had not been convicted and was still due the presumption of innocence due every criminal defendant. That presumption is now gone. At sentencing, which will take place less than a month after his desired domestic and international trips, the government estimates

that the defendant faces an advisory guidelines range of 15-21 months and will recommend a sentence of incarceration for the defendant. Despite his hope that his conviction will be vacated, likely incarceration is an incentive to flee; the conditions already in place to ensure the defendant's return to court for sentencing contemplate this reality, and his requests to leave his home jurisdiction should be denied.

For these reasons, the Government respectfully requests that this Court deny the defendant's motion to modify his conditions of release to allow the defendant to go on vacation, and similarly deny his motion to allow him to travel internationally for business.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:    s/ *Kelly Moran*
        KELLY MORAN
        CAROLINA NEVIN
        Assistant United States Attorneys