### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 21-CR-46 (RDM)** |
| **BRADY KNOWLTON,** | |
| **Defendant.** | |

### GOVERNMENT'S UNOPPOSED MOTION TO CONTINUE SENTENICNG HEARING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion to continue the sentencing hearing currently scheduled for October 4, 2024, to November 14, 2024, to provide the government additional time to decide whether it intends to re-try this matter subsequent to the decision in *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (June 28, 2024). The government has conferred with defense counsel, and they do not oppose this request. The parties have conferred with the Courtroom Deputy, who has indicated that the Court is available to hold this hearing on November 14, 2024, at 2 p.m.

### BRIEF PROCEDURAL HISTORY

On August 19, 2022, a federal grand jury returned a Third Superseding Indictment charging Knowlton with obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. § 1512(c)(2); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); disorderly conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); parading, demonstrating, or picketing in a Capitol Building, in violation

1

of 40 U.S.C. § 5104(e)(2)(G); and entering and remaining in the Gallery of Congress, in violation of 40 U.S.C. § 5104(e)(2)(B). ECF No. 115.

On March 18, 2024, the Court conducted a bench trial based on a set of stipulated facts. ECF No. 233. At trial, the government proceeded against Knowlton on Count Ten, violation of 18 U.S.C.§§ 1512(c)(2) and 2, and Count Five, violation of 18 U.S.C. § 1752(a)(1). On March 20, 2024, the Court convicted Knowlton on both counts.

Sentencing is currently scheduled for October 4, 2024.

## BRIEF OR RELEVANT FACTUAL RECITATION

Knowlton was at the Capitol on January 6, 2021, with his two co-defendants, Patrick Montgomery and Gary Wilson. ECF No. 233 (Statement of Facts for Stipulated Trial) at ¶ 30. On the west front of Capitol grounds, Montgomery grabbed an officer's baton and tried to wrestle it away from him. *Id.* at ¶ 31. Knowlton was close by as this happened. *Id.* Knowlton yelled at the police: "You swore an oath! You swore an oath!" and "Are you our brothers? Are you brothers with us?" Stipulated Trial Ex. 1 at 14:01:07 to 14:01:29.

Once inside the Capitol building, while walking in a third floor hallway toward the Senate Gallery, Knowlton yelled: "We have a right to choose our electors! We're not going to have communist China choose them for us! We're not going to have the Democratic Party choose them for us!" *Id.* at ¶ 41.

Knowlton and his co-defendants entered the Senate Gallery immediately after another rioter struck a United States Capitol Police (USCP) officer who was guarding the doors. *Id.* at ¶¶ 42-43. While Knowlton was inside the Senate Gallery, another rioter said loudly, "If I go down there and open the doors, will you storm?" *See* Trial Tr. (March 20, 2024) at 10:19-24 (Court's findings of fact). Although it cannot be said for certain that Knowlton heard the other rioter's

statement, once that rioter jumped down to the Senate Floor and opened the door, Knowlton and his co-defendants "proceed[ed] fairly expeditiously down the stairs . . ." toward the Senate Floor. *Id.* at 10:1-25 to 11:1-7 (Court's findings of fact).

USCP Officer Brian Morgan was standing near the entrance to the Senate Floor, when Knowlton and his co-defendants approached the area. *See* Trial Tr. (March 20, 2024) at ¶ 49(b). Knowlton said the following to Officer Morgan:

> This is not about us. This is bigger than me, it's bigger than you. It's about this – everyone's right to self-government.

> This is a moment in history [unintelligible]. Right now is a moment in history. We don't wanna push through there.

> We do not wanna push through there. What side [unintelligible]? [unintelligible] try right now. [unintelligible] heavy on you, brother.

> You have a moment right now. [unintelligible] All you gotta do is step aside. You're not getting in trouble. Stand down.

> This *is* happening. Our vote doesn't matter, so we came here for change!

ECF No. 233, Appendix A.

When it rendered its verdict, the Court explained that it considered three definitions of "corruptly" that had been adopted by the D.C. Circuit up until that point: 1) the definition in Justice Walker's concurrence in *Fischer*, that "an act is done corruptly if it is done voluntarily and intentionally to bring about an unlawful result or a lawful result by some unlawful method with a hope or expectation of a benefit to one's self or a benefit to another person," 2) the *Robertson* definition, where the where the Circuit noted that Robertson acted corruptly based on evidence that he used felonious, that is, unlawful, means to obstruct, impede, or influence the Electoral College vote, and 3) the *Brock* definition, where the Circuit described the District Court's instruction that "corruptly" requires a showing of dishonesty, improper purpose, or consciousness

of wrongdoing, and opined that because each of these showings may be sufficient to show that Brock acted corruptly under 1512(c), the District Court's interpretation was not plainly erroneous. *See* Trial Tr. (March 20, 2024) at 27:14-25 to 28:1-24. The Court found that Knowlton acted corruptly under the *Fischer* concurrence and *Brock* definitions. *Id.* at 31:23-24.

### *FISCHER*

*Fischer* was litigated through the D.C. Circuit and ultimately the Supreme Court, which issued its decision on Friday, June 28, 2024.  In *Fischer*, the Supreme Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." Op. 8. However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions.  Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so.  *Id.* at 9, 16. The Supreme Court remanded the case to the D.C. Circuit for further proceedings.  *Id.* Through those further proceedings, the court of appeals will interpret the scope of the statute further, which may include circumstances like the defendant, where the defendant intended to stop the certification proceeding and affect the voting and balloting underlying the certification. *See* Op. 16 (delineating that it would still remain a crime to attempt to impair the integrity of availability of records, documents, objects, or other things used in the proceeding); *id.* at 8 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding").

Given the remand to the Circuit and the ongoing litigation in *Fischer*, the government is still evaluating *Fischer's* impact on this and other January 6 cases. The government therefore respectfully requests that the Court continue the sentencing hearing in this matter until November 14, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:     */s/ Carolina Nevin*
        CAROLINA NEVIN
        Assistant United States Attorney
        NY Bar No. 5226121
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20530
        202-803-1612
        carolina.nevin@usdoj.gov

        */s/ Kelly Elizabeth Moran*
        KELLY ELIZABETH MORAN
        Assistant United States Attorney
        NY Bar No. 5776471
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20530
        202-740-4690
        kelly.moran@usdoj.gov