UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK MONTGOMERY and<br>BRADY KNOWLTON,<br><br>Defendants. | Case Nos. 21-cr-46-1, 21-cr-46-2 (RDM) |

## UNITED STATES' MOTION TO DISMISS COUNT TEN

Pursuant to Federal Rule of Criminal Procedure 48(a), the United States of America hereby moves to voluntarily dismiss with prejudice Count Ten of the Third Superseding Indictment, which charges the defendants, Patrick Montgomery and Brady Knowlton, with obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 6, 2021, Montgomery and Knowlton joined the mob that attacked the Capitol by confronting police officers on the West Lawn, where Montgomery assaulted an officer, entering the Senate Gallery, confronting a police officer near the Senate Floor in an attempt to access the Floor, and obstructing Congress' certification of the Electoral College vote

On August 19, 2022, a federal grand jury returned a Third Superseding Indictment charging Montgomery, Knowlton, and their co-defendant, Gary Wilson, with obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. § 1512(c)(2); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); disorderly conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G); and entering and

remaining in the Gallery of Congress, in violation of 40 U.S.C. § 5104(e)(2)(B). ECF No. 115. Montgomery was also charged with assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a)(1); civil disorder in violation of 18 U.S.C. § 231(a)(3); engaging in physical violence in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(4); and act of physical violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F). *Id.*

On March 18, 2024, the Court conducted a bench trial based on a set of stipulated facts. ECF No. 233. At trial, the government proceeded against all three defendants on Count Ten of the Third Superseding Indictment, which charged a violation of 18 U.S.C. §§ 1512(c)(2) and 2. ECF No. 115. In addition, the government proceeded against Patrick Montgomery on Count One, against Brady Knowlton on Count Five, and against Gary Wilson on Count Eleven. *Id.* On March 20, 2024, the Court convicted Montgomery of Count One, Assaulting, Resisting, or Impeding Certain Officers, 18 U.S.C. § 111(a)(1), and Count Ten, Obstruction of an Official Proceeding and Aiding and Abetting, 18 U.S.C. §§ 1512(c)(2) and 2.

On June 28, 2024, the Supreme Court issued an opinion in *Fischer v. United States*, 144 S. Ct. 2176, 2181 (2024). *Fischer* held that Section 1512(c) does not cover "*all* means of obstructing, influencing, or impeding any official proceeding." *Id.* at 2185. The Court held that, to prove a violation of Section 1512(c)(2), the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 2186, 2190. The Supreme Court remanded the case to the D.C. Circuit for further proceedings and to assess the sufficiency of the indictment on that count. *Id.* at 2190.

## DISCUSSION

Federal Rule of Criminal Procedure 48(a) permits the Government, "with leave of court," to "dismiss an indictment, information or complaint." Fed. R. Crim. P. 48(a). Although the rule is written in terms of the entire charging document (*i.e.*, "indictment," "information," and "complaint"), it also applies to individual counts. *See, e.g.*, *Thomas v. United States*, 398 F.2d 531, 537 (5th Cir. 1967) ("The right of the prosecution to move for and the court to grant dismissal of an Indictment or separate counts thereof is a hornbook principle."). It is also settled that the government may move to dismiss a count under Rule 48(a) even after the charge at issue has resulted in a finding of guilt, *see, e.g.*, *United States v. Hector*, 577 F.3d 1099, 1101 (9th Cir. 2009) – whether "because of a guilty plea," *id.*, or because of a guilty verdict at trial, *see, e.g.*, *United States v. Williams*, 720 F.3d 674, 702 (8th Cir. 2013). *Cf. United States v. Smith*, 467 F.3d 785, 786-789 (D.C. Cir. 2006) (holding that district courts have jurisdiction to entertain unopposed Rule 48 motions even after a conviction becomes final, without ruling on the merits of Rule 48's scope). When the government moves under Rule 48, the role for courts addressing Rule 48(a) motions is "narrow" and circumscribed. *United States v. Fokker Servs.*, B.V., 818 F.3d 733, 742 (D.C. Cir. 2016).

In this case, the Court Montgomery and Knowlton guilty of 18 U.S.C. § 1512(c)(2). In light of the Supreme Court's recent decision in *Fischer*, however, additional litigation would be needed to determine the impact of *Fischer* on the defendants' convictions on Count Ten. In the interest of efficiently proceeding towards sentencing on the defendants' other counts of conviction, the government is moving to voluntarily dismiss that count.

Accordingly, the government respectfully requests that the Court dismiss Count Ten with prejudice.

                                Respectfully submitted,

                                MATTHEW M. GRAVES
                                United States Attorney
                                D.C. Bar No. 481052

By:    */s/ Carolina Nevin*
        CAROLINA NEVIN
        Assistant United States Attorney
        NY Bar No. 5226121
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20530
        202-803-1612
        carolina.nevin@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK MONTGOMERY and<br>BRADY KNOWLTON,<br><br> Defendants. | Case Nos. 21-cr-46-1, 21-cr-46-2 (RDM) |

## PROPOSED ORDER

Upon consideration of the United States' Motion to Dismiss Count Ten, it is hereby:

ORDERED that the motion is GRANTED.


Date: _____
HONORABLE RANDOLPH D. MOSS
U.S. DISTRICT JUDGE