IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | Case No. 21-CR-00046-RDM |
| PATRICK MONTGOMERY and BRADY KNOWLTON, | § § § § | |
| *Defendants* | § | |

**DEFENDANTS PATRICK MONTGOMERY AND BRADY KNOWLTON'S
JOINT RESPONSE IN SUPPORT OF THE
UNITED STATES' MOTION TO DISMISS COUNT TEN**

TO THE HONORABLE RANDOLPH D. MOSS, UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:

PATRICK MONTGOMERY and BRADY KNOWLTON, the Defendants in the above styled and numbered cause, by and through their respective, undersigned counsel, submit this response to the Motion to Dismiss Count Ten filed by the Government on October 3, 2024 (ECF Dkt. 262) to affirm their support thereof.

Mr. Montgomery and Mr. Knowlton have challenged Count Ten of the indictment alleging that they violated 18 U.S.C. § 1512(c)(2) since the very beginning of their case. *See*, *e.g.*, ECF Dkt. 39, 48. In September 2021, they filed their joint, amended motion to dismiss that count, along with their supplemental brief in support thereof, wherein they argued *inter alia* and for the first time that, "[t]here must be some allegation that the Defendants' conduct undermined a proceeding's 'truth-finding function through actions impairing the integrity and availability of evidence.'"

1

ECF Dkt. 59; 60 at 23; *see also* ECF Dkt. 66 at 7–8; 80 (as applied to Second Superseding Indictment); 151 (as applied to Third Superseding Indictment). Because no such allegation existed in the indictment, both moved this Court to dismiss that count. ECF Dkt. 59; 60 at 23; 80; 151.

A dismissal of that count was necessary because, as Mr. Knowlton (and later joined by Mr. Montgomery) originally pointed out, the allegation therein failed to properly allege an offense, failed to provide adequate notice of what they were charged with, and, most importantly, failed to ensure that a grand jury had found sufficient evidence of the necessary elements of the offense in violation of Rule 7(c)(1) of the Federal Rules of Criminal Procedure, as well as the Fifth and Sixth Amendments to the United States Constitution. *See* ECF Dkt. 39; 39-1 at 3–4; 40; FED. R. CRIM. P. 7(c)(1); *United States v. Hillie*, 227 F.Supp.3d 57, 69–70 (D.D.C. 2017); *Russell v. United States*, 369 U.S. 749, 766 (1962) (quoting *United States v. Simmons*, 96 U.S. 360, 362, 24 L. Ed. 819 (1877) ("'the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, * * *.'"); *id.* at 771 (quoting *Stirone v. United States*, 361 U.S. 212, 218 (1960)) ("'The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge.'").

This Court was unpersuaded by this argument (as well as others) and denied Mr. Montgomery and Mr. Knowlton's motion to dismiss Count Ten. *See* ECF Dkt. 87 at 21–39. However, as this Court is aware, one of its fellow jurists, the Honorable

Carl J. Nichols, decided differently and in the case, *United States v. Fischer*, granted the defendant's motion to dismiss the count alleging an identical violation of Section 1512(c)(2). *See United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C.), reconsideration denied, 605 F. Supp. 3d 63 (D.D.C. 2022).

Subsequently, as the Government correctly points out in their motion, the Supreme Court reviewed this issue in that case and held that Section 1512(c) indeed does not cover "*all* means of obstructing, influencing, or impeding any official proceeding" and thus, "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or [as described therein] other things used in the proceeding, or attempted to do so." *Fischer v. United States*, -- U.S. --. 144 S. Ct. 2176, 2185, 2190 (2024). The Court remanded the case to the D.C. Circuit Court of Appeals for further proceedings and to assess the sufficiency of the indictment on that count. *Id.* at 2190. The D.C. Circuit Court of Appeals, however, by per curiam order, on its own motion, and without a written opinion remanded the case to the district court "for further proceedings consistent with the Supreme Court's opinion in *Fischer*." *See* Per Curiam Order (available at https://ecf.cadc.uscourts.gov/docs1/01208650834).

While this issue was being decided by the Supreme Court, with this Court having denied their motion to dismiss Count Ten and having indicated an unwillingness to continue their trial until after a decision by the Supreme Court in *Fischer*, Mr. Montgomery and Mr. Knowlton elected to waive their right to a trial by jury and

proceed with a trial before this Court with stipulated facts. *See* ECF Dkt. 218; 227; 228; 233. Part of that stipulation preserved their right to appeal a conviction for violating Section 1512(c)(2) as alleged in Count Ten and made clear they were not waiving any of their arguments from their motion to dismiss that count. *See* ECF Dkt. 233, ¶52, p.22. After hearing the arguments of counsel, on March 20, 2024, this Court ultimately found both Mr. Montgomery and Mr. Knowlton guilty of the offense as alleged in that count. *See* Minute Order of 3/20/24.

Mr. Montgomery and Mr. Knowlton concur with the Government that Federal Rule of Criminal Procedure 48(a) and caselaw interpreting the rule permits the Government, with leave of the Court, to move to dismiss a count of the indictment at any time prior to a final judgment. *See* Govt. Motion at 3.

While the Government points out generally that "additional litigation would be needed to determine the impact of *Fischer* on the defendants' convictions on Count Ten," and that dismissal is in the "interest of efficiently proceeding toward sentencing on the defendants' other counts of conviction," Mr. Montgomery and Mr. Knowlton believe it is necessary to set out their positions in further detail here to justify and lend further support to the Government's decision to dismiss this count.

In short, it is undisputed that Count Ten of the present indictment (nor any of the previous indictments) has no allegation of what the Supreme Court stated in *Fischer* that the Government was required to prove in order to establish a violation of Section 1512(c)(2). That is, there is no allegation that Mr. Montgomery or Mr. Knowlton "impaired the availability or integrity for use in an official proceeding of

4

records, documents, objects, or [as described therein] other things used in the proceeding or, attempted to do so." *Fischer*, 144 S. Ct. at 2190.

This is not a question of the sufficiency of the evidence. As this Court correctly noted in its Memorandum Opinion and Order on Mr. Montgomery and Mr. Knowlton's motion to dismiss Count Ten, when reviewing this issue, "the sole question before the Court is the legal sufficiency of the *indictment*, and the Court's role in considering that question 'is limited to reviewing the face of the indictment and, more specifically the language used to charge the crimes.'" ECF Dkt. 87 at 2 (quoting *United States v. Thomas*, No. 17-194, 2019 WL 4095569, at *3 (D.D.C. Aug. 29, 2019)) (emphasis added). Thus, Mr. Montgomery and Mr. Knowlton would maintain that, because Count Ten failed to allege what the Government must prove to establish a violation of Section 1512(c)(2) as held by *Fischer*, their convictions for violating Section 1512(c)(2) must be vacated and that count dismissed. *See United States v. Nofziger*, 878 F.2d 442, 454 (D.C. Cir. 1989) (defendant's conviction reversed upon holding that the district court should have dismissed the indictment for failing to allege a necessary element of the offense).

Fortunately, rather than have to engage in "additional litigation" over this issue, the Government has recognized that the better course of action is to voluntarily dismiss Count Ten . . . and Mr. Montgomery or Mr. Knowlton could not agree more.

Not only would dismissal of Count Ten allow this Court and the parties to proceed toward sentencing on Mr. Montgomery and Mr. Knowlton's other counts of conviction, it would also serve the best interests of justice. *See Rinaldi v. United States*,

434 U.S. 22, 29 (1977) (per curiam) (noting that, although district court was empowered to withhold leave if the Government's decision "clearly disserved the public interest," no such evidence existed in that case). This is not a situation where Mr. Montgomery or Mr. Knowlton are walking away without being held to account for their actions on January 6, 2021 at the United States Capitol. Mr. Montgomery has been found guilty by this Court for violating 18 U.S.C. § 111(a)(1) and Mr. Knowlton has been found guilty by this Court for violating 18 U.S.C. § 1752(a)(1), both more serious than the more commonly prosecuted offenses of violating 40 U.S.C. § 5104 brought against the majority of individuals charged for their conduct on January 6, 2021 at the United States Capitol. *See* Minute Order of 3/20/24; Sentences Imposed in Cases Arising Out of the Events of January 6, 2021 Table (available at https://www.justice.gov/usao-dc/media/1331746/dl?inline) (which, as of September 11, 2024, appears to show 788 convictions for Section 5104 violations).

More importantly, Mr. Montgomery and Mr. Knowlton recognize that the Government has battled them zealously every step of the way on their challenges to using Section 1512(c)(2) to prosecute them for their conduct. As such, there is nothing here to suggest even in the slightest that their decision to dismiss Count Ten is made in bad faith or is "motivated by considerations which cannot fairly be characterized as 'clearly contrary to manifest public interest.'" *Rinaldi*, 434 U.S. at 30.

In conclusion, Mr. Montgomery and Mr. Knowlton hereby consent to and affirm their support of the Government's motion to dismiss Count Ten of the Third Superseding Indictment with prejudice.

Respectfully Submitted,

**JOHN PIERCE LAW**

| | |
|---|---|
| by: /s/ *John M. Pierce* | /s/ *Roger Roots* |
| John M. Pierce | Roger Roots |
| D.C.D.C. Bar ID CA00096 | D.C.D.C. Bar ID RI0003 |
| jpierce@johnpiercelaw.com | rroots@johnpiercelaw.com |

21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725

*Attorneys for Patrick Montgomery*

| **RONALD SULLIVAN LAW, PLLC** | **MAYR LAW, P.C.** |
|---|---|
| by: /s/ *Ronald S. Sullivan Jr.* | by: /s/ *T. Brent Mayr* |
| RONALD S. SULLIVAN JR. | T. BRENT MAYR |
| D.C.D.C. Bar ID 451518 | D.C.D.C. Bar ID TX0206 |
| rsullivan@ronaldsullivanlaw.com | bmayr@mayr-law.com |
| | |
| 1300 I Street NW, Suite 400 E | 5300 Memorial Dr., Suite 750 |
| Washington, DC 20005 | Houston, TX 77007 |
| Telephone: (202) 935-4347 | Telephone:  713-808-9613 |
| Fax: (617) 496-2277 | Fax:  713-808-9613 |

**WAGNER PLLC**

by: /s/ *Camille Wagner*
CAMILLE WAGNER
DC Bar No. 1695930
law@myattorneywagner.com

1629 K Street NW, Suite 300
Washington, DC 20006
202-630-8812

*Attorneys for Brady Knowlton*

7

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this response was sent to Counsel for the Government, Carolina Nevin, on October 7, 2024, via CM/ECF and email.

/s/ *T. Brent Mayr*
T. BRENT MAYR
Attorney for Brady Knowlton