IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRADY KNOWLTON,<br><br>    *Defendant.* | Criminal Action No. 21-46 (RDM) |

**UNOPPOSED MOTION TO CONTINUE SENTENCING AND
RELATED DEADLINES**

TO THE HONORABLE RANDOLPH D. MOSS, UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:

    BRADY KNOWLTON, Defendant in the above styled and numbered cause, by and through undersigned counsel, without opposition from the United States, respectfully moves this Court to continue the sentencing hearing in his case presently scheduled for November 14, 2024 to February 7, 2025 at 11:00 a.m. and set new deadlines for the filing of a revised presentence investigation report (PSR), the parties' objections to said report, and sentencing memorandum. In support thereof, Mr. Knowlton would show the following.

    As this Court is aware, the Government moved to dismiss Count Ten of the superseding indictment alleging a violation of 18 U.S.C. § 1512(c)(2) in this case earlier this month. *See* ECF Dkt. 262. This Court granted that motion on October 9, 2024. *See* Minute Order of 10/9/24. Thus, Mr. Knowlton is due to be sentenced only on Count Five alleging a violation of 18 U.S.C. § 1752(a)(1) which this Court convicted

1

him of at the March 2024 bench trial.

Because Count Ten was the more serious of the two counts against Mr. Knowlton, the initial PSR released to the parties on May 28, 2024 based its recommended guideline calculation on the applicable guideline for that count.[1] *See* U.S.S.G. §3D1.2(a)–(c). Although objections to the PSR were due initially on June 11, 2024, on June 17, 2024, the parties filed a joint motion to continue sentencing and related deadlines which this Court granted on June 26. *See* ECF Dkt. 245; Minute Order of 6/26/24. That motion was made in part to "allot all parties sufficient time to raise any new applicable objections (if any) to the presentence investigation and arguments related to sentencing in their respective memoranda and other filings" in the event that the ruling by the United States Supreme Court in *United States v. Fischer* impacted the validity of the defendants' conviction for violating 18 U.S.C. § 1512(c)(2). *See* ECF Dkt. 245 at 2.

Although the Court set a new deadline of July 19 to file objections to the PSR in its June 26 order, the parties filed another joint motion to continue sentencing and the deadlines for the same reason discussed above which this Court granted on July 22. *See* ECF Doc. 255; Minute Order of 7/22/24. In that order, however, this Court did not set any new deadlines for filing objections to the PSR, nor did the Court set such a deadline in its subsequent order resetting sentencing. *See id.*; Minute Order of 9/18/24.

---

[1] Although not having seen Mr. Montgomery's PSR, Mr. Knowlton believes that Mr. Montgomery does not face this same problem as he was also convicted in Count One of the superseding indictment alleging a violation of 18 U.S.C. § 111 which was the more serious of the counts compared to Count Ten.

After this Court granted the Government's motion to dismiss Count Ten, the parties anticipated getting a new PSR from the Probation Office with updated information previously submitted to the Probation Office by Mr. Knowlton to be included in the PSR, as well as a new guidelines calculation for the one remaining count against Mr. Knowlton which he was convicted of at trial.

After neither of those things happened, the parties conferred, agreed to reach out to the Probation Office, and did so on October 25, 2024. After inquiring about whether a revised PSR would be disclosed, the Probation Office informed the parties that it would not issue a revised PSR but would include the updated information related to Mr. Knowlton and the "recalculation of the guidelines . . . in the final presentence report" to be completed and filed on or before November 7, seven days prior to the presently scheduled hearing. The Probation Office further stated that any objections would need to be submitted by October 30, 2024. However, as of present date, no such final presentence report with the updated information related to Mr. Knowlton and the recalculation of the guidelines has been made available to the parties to submit objections to. The Probation Office stated that, if the parties needed additional time to prepare those objections, then the parties would have to notify the Court and request resetting sentencing.

As this Court is aware, Rule 32(e)(2) of the Federal Rules of Criminal Procedure requires that the PSR be made available "to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period." FED. R. CRIM. P. 32(e)(2). Further, under

3

section (f)(1) of that rule, the parties are to be given at least 14 days after receiving the presentence report "to state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." FED. R. CRIM. P. 32(f)(1).

In order to provide proper compliance with the Rules of Criminal Procedure, as well as to allow Mr. Knowlton's counsel adequate time to review the PSR with updated information, a recalculation and application of the guidelines, and submit any necessary objections as part of their Sixth Amendment obligation to provide effective assistance of counsel to Mr. Knowlton, he is moving this Court, without opposition from the Government, to continue sentencing to February 7, 2025 at 11:00 a.m., the next available date for the parties and the Court to hold the sentencing hearing.

In addition to the requested continuance, Mr. Knowlton moves this Court to issue a new deadline for the Probation Office to issue its revised PSR no later than January 3, 2025 (35 days prior to February 7, 2025), a new deadline for the parties to file their respective objections to the revised PSR at least 14 days from receipt thereof, and new deadlines for the parties to submit their respective sentencing memorandum.

WHEREFORE, PREMISES CONSIDERED, Mr. Knowlton respectfully moves this Court to continue the sentencing hearing presently scheduled for November 14, 2024 to February 7, 2025 at 11:00 a.m. and set the new deadlines requested herein.

4

Respectfully Submitted,

| **RONALD SULLIVAN LAW, PLLC** | **MAYR LAW, P.C.** |
|---|---|
| by: /s/ *Ronald S. Sullivan Jr.* | by: /s/ *T. Brent Mayr* |
| RONALD S. SULLIVAN JR. | T. BRENT MAYR |
| D.C.D.C. Bar ID 451518 | D.C.D.C. Bar ID TX0206 |
| rsullivan@ronaldsullivanlaw.com | bmayr@mayr-law.com |
| 1300 I Street NW, Suite 400 E | 5300 Memorial Dr., Suite 750 |
| Washington, DC 20005 | Houston, TX 77007 |
| Telephone: (202) 935-4347 | Telephone: 713-808-9613 |
| Fax: (617) 496-2277 | Fax: 713-808-9613 |

**WAGNER PLLC**

by: /s/ *Camille Wagner*
CAMILLE WAGNER
DC Bar No. 1695930
law@myattorneywagner.com

1629 K Street NW, Suite 300
Washington, DC 20006
202-630-8812

*Attorneys for Brady Knowlton*

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for the Government, Carolina Nevin, and confirmed that she does not oppose this motion.

/s/ *T. Brent Mayr*
T. BRENT MAYR
Attorney for Brady Knowlton

5

## **CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of this motion was sent to Counsel for the Government, Carolina Nevin, as well as counsel for all defendants on October 28, 2024, via CM/ECF and email, as well as representatives with the United States Probation Office.

                                              /s/ *T. Brent Mayr*
                                              T. BRENT MAYR
                                              Attorney for Brady Knowlton